## 9288.   HALE v. THE STATE.

So much of the act approved November 30, 1915 (Ga. L. Ex. Sess. 1915, p. 113), regulating the use of automobiles, as undertakes to make penal the failure of any operator of a motor-vehicle, when meeting any vehicle approaching in the opposite direction, to "turn his vehicle to the right so as to give one half of the traveled roadway, if practicable, and a fair opportunity to the other to pass by without unnecessary interference," is too uncertain and indefinite in its terms to be capable of enforcement.

DECIDED JANUARY 22, 1918.

Accusation of misdemeanor; from city court of Cairo—Judge Willie.   October 16, 1917.

*S. P. Cain,* for plaintiff in error.

*Ira Carlisle, solicitor,* contra.

HARWELL, J.   The defendant was indicted for a violation of section 11 of the law approved November 30, 1915, regulating the use of automobiles on public highways, which provides, inter alia, as follows: "Whenever any operator of a motor vehicle or motorcycle shall meet, on a public street or highway, any person or persons riding or driving one or more horses, or any other draft animal, or any other vehicle, approaching in the opposite direction, the operator shall turn his vehicle to the right so as to give one-half of the traveled roadway, if practicable, and a fair opportunity to the other to pass by without unnecessary interference." He demurred to the indictment upon the ground that this statute is too vague and indefinite for penal enforcement, and his demurrer was overruled.

The language of this court in *Hayes* v. *State,* 11 *Ga. App.* 371 (75 S. E. 523), is peculiarly applicable in this case: "It is the duty of the judicial department, wherever possible, to construe an act of the legislative department so as to make it valid and binding and give due effect to all of its terms.   Hence, a statute ought not to be held void for uncertainty if it is possible to give a reasonably particular construction to its terms, so as to make them capable of enforcement.   But while this is true, the State can not make an act penal without defining the act in terms sufficiently clear for any person to understand that in performing the act he is guilty of a violation of the statute.   The maxim that 'ignorance of the law is no excuse for crime' is founded upon the theory that a citizen may ascertain the law and know that the act which he is performing has been condemned.   If it is impossible for him to as-

certain that a given act has been made penal, it would be manifestly unfair for the State to punish him for a commission of the act. If the law is of such doubtful construction, and describes the act denominated as a crime in terms so general and indeterminate, as to make the question of criminality dependent upon the idiosyncrasies of individuals who may happen to constitute the court and jury, and of such a nature that honest and intelligent men are unable to ascertain what particular act is condemned by the State, the law is incapable of enforcement and will be held to be null and void." The authorities cited in that case amply support and illustrate the foregoing principle of statutory construction, universally applied by the courts. In that case a statute making penal the operation of automobiles on highways "at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property," was declared to be too uncertain and indefinite in its terms to be capable of enforcement, and this ruling was followed by the Supreme Court of this State in *Empire Life Ins. Co.* v. *Allen,* 141 *Ga.* 413, 415, (81 S. E. 120), and in *Strickland* v. *Whatley,* 142 *Ga.* 802 (83 S. E. 856).

The statute under consideration provides that the operator, when meeting another vehicle, "shall turn his vehicle to the right so as to give one half of the traveled roadway, *if practicable,* and a *fair opportunity* to the other to pass by without *unnecessary interference.*" But who should determine, in each particular case, whether, under the particular circumstances of that case, it was practicable for the driver to give the other party half of the traveled roadway? Under certain circumstances one jury might consider such action practicable, and convict; another jury, under the same circumstances, might deem it impracticable, and acquit. If the driver of the motor vehicle deemed it impracticable to give half of the traveled roadway and in good faith failed so to do, he would be convicted of the offense should the jury find he used poor judgment in passing upon the practicability. How is the driver to know in all cases when he is violating this statute?

The remaining portion of the section under consideration, requiring such driver to give a "fair opportunity" to the other to pass by without "unnecessary interference," needs no discussion

to show its indefiniteness and vagueness. Probably no two minds would agree on the meaning of "a fair opportunity," nor of "unnecessary interference." These expressions are very similar in nature to such expressions as "reasonable and proper," disapproved of in the case of L. & N. R. Co. v. Commonwealth, 99 Ky. 132 (35 S. W. 129, 59 Am. St. R. 457, 33 L. R. A. 209), and "narrow-tired wagon" and "broad-tired wagon," held too vague in Cook v. State, 26 Ind. App. 278 (59 N. E. 489). For the foregoing reasons we are constrained to hold that so much of the act quoted above as undertakes to make penal the failure of any operator of a motor-vehicle, when meeting any vehicle approaching in the opposite direction, to "turn his vehicle to the right so as to give one half of the traveled roadway, if practicable, and a fair opportunity to the other to pass by without unnecessary interference," is too uncertain and indefinite in its terms to be capable of enforcement, and that the trial judge erred in overruling the demurrer to the indictment, based upon the invalidity of the statute.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*

BLOODWORTH, J. In the case of *Hale* v. *State*, ante, 658, it was held that "So much of the act approved November 30, 1915 (Ga. L. Ex. Sess. 1915, p. 113), regulating the use of automobiles, as undertakes to make penal the failure of any operator of a motor-vehicle, when meeting any vehicle approaching in the opposite direction, to 'turn his vehicle to the right so as to give one half of the traveled roadway, if practicable, and a fair opportunity to the other to pass by without unnecessary interference,' is too uncertain and indefinite in its terms to be capable of enforcement." The indictment in the instant case being based upon that portion of the act referred to in the above opinion which is therein declared to be "too uncertain and indefinite in its terms to be capable of enforcement," the verdict is contrary to law and the judgment must be          *Reversed. Broyles, P. J., and Harwell, J., concur.*