## 17670. HEATH *v.* THE STATE.

So much of the motor-vehicle act of 1921 as undertakes to make penal the failure of the operator of a motor-vehicle, when meeting a vehicle approaching in the opposite direction, to "turn his vehicle to the right so as to give one half of the traveled roadway, if practicable, and a fair opportunity to the other to pass by without unnecessary interference" (Ga. L. 1921, p. 257, sec. 3), is too uncertain and indefinite in its terms to be capable of enforcement.

DECIDED DECEMBER 14, 1926.

Violating automobile law; from Laurens superior court—Judge Camp. September 4, 1926.

*Hightower & New,* for plaintiff in error.

*Fred Kea, solicitor-general,* contra.

LUKE, J. Heath was indicted for violating the motor-vehicle act of 1921, sec. 3 (Park's Ann. Code Supp. 1922, § 828 (ee)). The indictment alleged that the defendant failed to turn his automobile to the right while meeting one traveling in a wagon, so as to give one half of the traveled roadway to the driver of the wagon. The defendant demurred to the indictment, upon the ground that it did not set forth a crime, in that the statute which denounced the alleged acts as criminal is too uncertain, vague, and indefinite in its terms to be capable of penal enforcement. The demurrer was overruled, and upon the trial the defendant was convicted. He filed his motion for a new trial. In overruling the motion for a new trial the trial judge rendered the following opinion: "The Court of Appeals has declared a similar statute under a former act unenforceable. Traffic conditions in Georgia, however, are so perilous, and the demand for definite legislation so imperative to cover such wilful and criminal conduct as the evidence authorized the jury to believe existed in this case, that the court is constrained, in the interest of the public welfare, to overrule and deny the motion for a new trial."

The opinion here quoted referred to the case of *Hale* v. *State,* 21 *Ga. App.* 658 (94 S. E. 823). When the *Hale* case was here this court had under consideration so much of the act approved November 30, 1915 (Ga. L. Ex. Sess. 1915, p. 113), as regulated the use of automobiles upon the roadways. This defendant is indicted under an act of the General Assembly passed in 1921 (Ga.

Criminal Law, 16 C. J. p. 68, n. 8.
Motor Vehicles, 28 Cyc. p. 49, n. 56.

L. 1921, p. 257, sec. 3). This part of the act of 1921 is identical with the act of 1915. The legislature, if it had seen fit, could have remedied the objections to this particular part of the act. We are still of the opinion held in the *Hale* case, supra, and the cases therein cited; and therefore we now hold that the defendant could not be convicted upon the indictment lodged against him, and that the court erred in overruling his motion for a new trial. We sympathize with the sentiment of the trial judge in the interest of the welfare of the public, but we can not invade the province of the legislative department.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*