## 17737.   SHUPE v. THE STATE.

1. The indictment, which charged the accused with murder, alleged to have been committed in the driving of a motor-vehicle, was not subject to the demurrer.

2. The evidence was insufficient to authorize the verdict of involuntary manslaughter in the commission of an unlawful act, and the refusal to grant a new trial was error.

DECIDED JANUARY 11, 1927.

Involuntary manslaughter; from Colquitt superior court—Judge W. E. Thomas.   October 15, 1926.

Homicide, 30 C. J. p. 89, n. 58; p. 317, n. 79.
Motor Vehicles, 28 Cyc. p. 49, n. 57, 58.

Shupe and Howze were indicted jointly and the indictment was demurred to, "first on the ground that it does not allege which one of the defendants was driving the automobile at the time of the alleged homicide; and for the further reason that the unlawful acts complained of were not such unlawful acts as would naturally tend to destroy human life."

*R. D. Smith, James L. Dowling,* for plaintiff in error.

*Clifford E. Hay, solicitor-general,* contra.

BROYLES, C. J. Shupe was indicted for the offense of murder; and convicted of involuntary manslaughter in the commission of an unlawful act. The unlawful acts charged in the indictment were as follows: "using and operating a motor-vehicle, to wit, a Hudson Sedan, upon the Moultrie and Norman Park road, a highway of this State, at a rate of speed exceeding thirty miles per hour, approaching and traversing with said machine that certain bridge on said road located about four miles from Moultrie, and then and there on said bridge meeting said B. L. Smith [the person alleged to have been murdered], who was driving a Ford automobile and approaching in the opposite direction, failed and refused to turn his said machine to the right so as to give one half of the traveled roadway to the said Smith and his vehicle, although it was then and there practicable to give such portion of said roadway, and also failed and refused to give to said Smith so met a fair opportunity to pass by without unnecessary interference." The evidence showed that 'the car driven by the defendant collided with the car driven by Smith, on a temporary bridge which was less than twelve feet wide, and the undisputed evidence was that the bridge was too narrow to permit two automobiles to pass each other thereon. It follows that the charges in the indictment, that it was then and there *practicable* for the defendant to turn his car to the right so as to give one half of the traveled roadway to Smith and his car, and that the defendant failed and refused to give Smith *so met* a fair opportunity to pass by without unnecessary interference, were not sustained by the proof. Furthermore, the defendant could not lawfully be convicted upon those charges in the indictment for the reason that they are too uncertain, vague, and indefinite in their terms to be capable of penal enforcement. *Hale* v. *State,* 21 *Ga. App.* 658 (94 S. E. 823); *Heath* v. *State,* 36 *Ga. App.* 206 (136 S. E. 384).

The only other unlawful act charged in the indictment is that the defendant was driving his automobile upon a public highway at a rate of speed exceeding thirty miles per hour.  After a careful review of the brief of the evidence we find no evidence, direct or circumstantial, authorizing a finding that at the time of the collision of the two cars upon the bridge, or immediately preceding the collision, the defendant was driving his car at a rate of speed greater than thirty miles an hour.  There was no charge in the indictment that the defendant while approaching the bridge was driving the automobile at the unlawful rate of speed of more than ten miles per hour.  It follows from what has been said that the defendant's conviction of the offense of involuntary manslaughter in the commission of an unlawful act was unauthorized, and that the court erred in overruling the motion for a new trial.

*Judgment reversed.  Luke, J., concurs.  Bloodworth, J., absent on account of illness.*