### 19456. HURST *v.* THE STATE.

DECIDED APRIL 9, 1929.

*S. F. Memory,* for plaintiff in error.
*S. Thomas Memory, solicitor,* contra.

LUKE, J. The accusation in this case alleges that the defendant, Henry Hurst, did "run into the wagon of one Everett King, and cause an accident thereby, while he, the said Henry Hurst, was operating a motor-vehicle on said highway, and did fail to render to the said Everett King such assistance as was reasonable or necessary, contrary to the laws," etc. The defendant demurred to the

accusation, on the following grounds: "1. That said accusation fails to charge any criminal offense. 2. That said accusation is so vague, indefinite, general, and uncertain as not to put the defendant on notice as to what he is required to defend. 3. That that part of the act of Aug. 23, 1927 (Ga. L. 1927, p. 238), section 14, as provides that the operator of a motor-vehicle, in case of accident, shall render 'such assistance as may be reasonable and necessary' is void for uncertainty and indefiniteness, and therefore not capable of enforcement, and said accusation, being based on that part of said law, is void. 4. That the said law, that is, section 14 . . , and that part of said section which provides that the operator of a motor vehicle, in case of an accident, shall render 'such assistance as may be reasonable and necessary,' is null and void for lack of certainty in defining the acts thereby prohibited and declared unlawful, and the accusation, being based solely upon said part of said law, is null and void." The court overruled the demurrer and the defendant excepted pendente lite, and proceeded to trial and was convicted. In his bill of exceptions he "specifically assigns error on the judgment of the court overruling his said demurrer."

It will be noted that the accusation does not allege that the defendant knowingly, or intentionally, or negligently, or recklessly, or wantonly, or wilfully, or maliciously ran into the wagon of Everett King; and running into the wagon is not made the basis of the prosecution. The basis of the action is that, after running into the wagon, the defendant failed to render King "such assistance as was reasonable or necessary." The language last quoted is too vague, indefinite, and uncertain to be capable of enforcement, and therefore can not properly form the basis of a criminal action; and for this reason the court erred in overruling the demurrer to the accusation.

In the case of *Hayes* v. *State,* 11 *Ga. App.* 371 (2) (75 S. E. 523), this court held that "So much of the act approved Aug. 13, 1910 (Acts 1910, p. 92), regulating the use of automobiles, as undertakes to make penal the operation of an automobile on one of the highways of this State 'at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property,' is too uncertain and indefinite in its terms to be

capable of enforcement." In the first part of the same headnote it is said: "A penal law which is of doubtful construction and in which the act denominated as a crime is described in terms so general and indefinite as to make the question of criminality dependent upon the idiosyncrasies of the men who may happen to constitute the court and jury, and is of such a nature that honest and intelligent men are unable to ascertain what particular act it seeks to condemn, is incapable of enforcement, and will be held to be null and void." In the opinion in that case Judge Pottle cited an Arkansas decision holding that a statute making it a misdemeanor to "commit an act *injurious* to the public health or public morals . . ." is void for uncertainty; a Kentucky decision holding that the language "just or reasonable rate of toll" was unconstitutional; a Texas decision holding that a statute making penal the combining of two or more persons for the purpose of "mob violence" was invalid, the statute not designating what acts constituted mob violence; a Wisconsin decision holding that "A law which takes one's property or liberty as a penalty for an offense must so clearly define the acts on which the penalty is denounced that no ordinary person can fail to understand his duty and the departure therefrom which the law attempts to make criminal, since one can not be said to wilfully violate a statute which is so contradictory *or blind* that he must *guess* what his duty is thereunder" (italics ours); and a decision of the United States Supreme Court holding that "It would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained and who should be set at large. This would, to some extent, substitute the judicial for the legislative department of the government."

Applying the reasoning in the *Hayes* case to the case under consideration, we would ask, who is to determine whether or not assistance is necessary, and, if so, how much assistance would be reasonable? There would be a diversity of opinion among men on these questions where no rule is laid down to guide them. In *Carter* v. *State*, 12 *Ga. App.* 432 (78 S. E. 206), this court said: "In so far as the General Assembly attempted to penalize the operation of automobiles at an unreasonable rate of speed, the act of 1910 is void, because there is no measure by which the unrea-

sonableness can be ascertained. The law fails to define what is reasonable or unreasonable, and hence the definition of the offense is too vague and general to constitute a crime. The degree of unreasonableness that may be deemed criminal not being fixed by law, but being left to the varying opinions of different juries, the portion of the act referring to the speed is not uniform in its operation, and for that reason is unenforceable." In *Hale* v. *State,* 21 *Ga. App.* 658 (94 S. E. 823), the Court of Appeals held that "So much of the act approved November 30, 1915 (Ga. L. Ex. Sess. 1915, p. 113), regulating the use of automobiles, as undertakes to make penal the failure of any operator of a motor-vehicle, when meeting any vehicle approaching in the opposite direction, to 'turn his vehicle to the right so as to give one half of the traveled roadway, if practicable, and a fair opportunity to the other to pass by without unnecessary interference,' is too uncertain and indefinite in its terms to be capable of enforcement." In *Beavers* v. *Inman,* 35 *Ga. App.* 405 (3) (133 S. E. 275), it was held that "The rule of the police department of the City of Atlanta providing that the chief of police 'will, as often as possible, pay frequent visits at unusual hours to various portions of the city, that he may be able to know, of his own knowledge, that the officers and men are performing their duties,' is too uncertain and indefinite in its terms to be capable of a strict and literal enforcement." See also *Strickland* v. *Whatley,* 142 *Ga.* 802 (83 S. E. 856) ; *Western & Atlantic R. Co.* v. *Smith,* 145 *Ga.* 280 (88 S. E. 983) ; *Jones* v. *State,* 151 *Ga.* 506 (107 S. E. 765) ; *Howard* v. *State,* 151 *Ga.* 847 (108 S. E. 513). In the case last cited the Supreme Court held that the language, "reasonable and safe," as used in a statute relative to the operation of an automobile, was just as indefinite as the language "reasonable and proper," and, because of this indefiniteness, that the portion of the statute containing that language was invalid. The language "reasonable or necessary," as used in the statute now under consideration, is likewise too indefinite.

It is not amiss to say, even though it be obiter, that while we are impelled by the decisions of the Supreme Court, this court, and the fundamental principles of our law to hold that the language in question can not be the basis of a criminal prosecution, yet such language is humanitarian in its nature and salutary in its inception ; and where, under a proper accusation or indictment,

it is proved that a defendant, knowing of an injury that he has inflicted, deliberately refuses to stop or assist his victim, this fact may be considered as evidence of a malignant heart, and as an aggravating circumstance which may be taken into consideration in determining the defendant's guilt and fixing his punishment.

Since the accusation was null and void, the further proceedings were nugatory, and it is unnecessary to decide the other issues presented for consideration.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*