22934. RAY *v.* THE STATE.

DECIDED MAY 5, 1933. REHEARING DENIED MAY 27, 1933.

*Paul L. Lindsay,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

GUERRY, J. The defendant was convicted in the criminal court of Atlanta, on an accusation charging him with a violation of the rules of the road as set forth in the first headnote. A demurrer attacking the accusation and the statute on which it rested, as being too vague and indefinite to put the defendant on notice of the fact or charge against which he must defend, was overruled. Exception is taken to the overruling of a certiorari by which it was sought to review the judgment on the demurrer.

■ The continuous enlargement of the use and operation of automobiles upon public highways within the last thirty years has given rise to numerous statutes in the various States of the Union. Before that time the use of highways had not become so dangerous but that the universal custom and law (Civil Code, § 628) as to turning to the right was all that was necessary for the protection of life and property and the prevention of traffic jams. The time, place, and man-

ner of one vehicle passing another was governed by the condition of the ruts in the road and the load carried, and it was not necessary to fix with definiteness and particularity any set of rules or laws regulating traffic. The General Assembly of this State in 1910. passed certain regulatory statutes which have been changed and enlarged from time to time by subsequent acts. This court in the case: of *Hayes* v. *State,* 11 *Ga. App.* 371 (75 S. E. 523), held the act of 1910, making it criminal to operate an automobile on a public highway at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway so as to endanger life, etc., too uncertain and indefinite in its terms to be capable of enforcement. While this is the rule adopted by the courts of review of this State, it may be well to state that it is not in accord with the rule adopted in a majority of the States, and a statute similiarly worded is held in other States to be sound, and not too vague and uncertain. They say further, that, after all, juries are and should be the judges of the particular facts of each case, and the fact that one jury might decide one way and another jury the other is no reason to declare a law null and void. The decision in the *Hayes* case has been criticized by courts of other States. Schultz v. State, 89 Neb. 34 (130 N. W. 972, 33 L. R. A. (N. S.) 403, Ann. Cas. 1912C, 495); State v. Schaeffer, 96 O. St. 215 (117 N. E. 220, L. R. A. 1918B 945, Ann. Cas. 1918E, 1137); Maxon v. State, 177 Wis. 379 (187 N. W. 753, 21 A. L. R. 1484); 26 A. L. R. 898. The "rule-of-reason" doctrine enunciated by the United States Supreme Court in Standard Oil Co. v. United States, 221 U. S. 1 (31 Sup. Ct. 502, 55 L. ed. 619, 34 L. R. A. (N. S.) 834, Ann. Cas. 1912D, 734), is also in conflict with the principle in the *Hayes* case. Our own courts, in passing on questions of public indecency or otherwise indecently acting, made the jury the sole judges of what is or is not indecent acting, according to the time, place, and circumstances surrounding the act. We are bound, however, by the decision in the *Hayes* case.

This court, still further construing these regulatory statutes in the case of *Hale* v. *State,* 21 *Ga. App.* 658 (94 S. E. 823), declared that the provision of the act of 1915 (Ga. L. Ex. Sess. 1915, p. 113) that an operator, when meeting another vehicle going in opposite direction, shall "turn his vehicle to the right so as to give one half the traveled roadway, *if practicable* [italics ours], and a fair op-

portunity to the other to pass by without unnecessary interference," is too vague and indefinite to be capable of enforcement. Again, this court in the case of *Heath* v. *State, 36 Ga. App.* 206 (136 S. E. 284), in passing on the act of 1921 (Ga. L. 1921, p. 257 (3) ), which is in the same language as that quoted in the *Hale* case, cited above, held that the language is too vague and indefinite to be capable of enforcement. The General Assembly of this State, recognizing the necessity for fixed rules, and also taking into consideration the rulings of the courts, made as cited above, still further provided rules and regulations in the act of 1927 (Ga. L. 1927, p. 236 and 237, section 12). In the last sentence of subsection d, of section 12, we find this language: "An operator overtaking and desiring to pass a vehicle shall blow his horn, and the operator of the vehicle so overtaken shall promptly, upon such signal, turn his vehicle as far as reasonably possible to the right in order to allow free passage on the left of his vehicle." Can it be said that the provision that an operator, on hearing the signal, "shall promptly turn his vehicle to the right, as far as reasonably possible, in order to allow free passage on the left of his vehicle," is vague and indefinite? A criminal statute will not be enlarged by implication. It must say what it means. Its intendment must be gathered from its language. The language of this statute is clear and unequivocal. Public roads in Georgia are fixed by law as to their width. See Civil Code, §§ 628 to 635 inclusive. The minimum width for third-class roads is sixteen feet. The average public road in this State is greatly in excess of this minimum; therefore the statute under consideration can not be said to be unreasonable in its requirements. A requirement that an operator shall turn to the right as far as is reasonably possible to allow full passage on his left is a requirement capable of proof, and can be made definite and certain. The clause "if practicable," used in the acts 1915 and 1921, and the provision that a "fair opportunity" to pass, which statements might call for conclusions and be the subject of "idiosyncrasies of a jury," are omitted in the act which this defendant is charged with violating.

The evidence abundantly supports the verdict, and the court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*