349 P.2d 180

**STATE of Arizona, Appellee,**

v.

**Toby MILLIGAN, Appellant.**

No. 1140.

Supreme Court of Arizona.

Jan. 27, 1960.

Wade Church, Atty. Gen., Leslie C. Hardy, Chief Asst. Atty. Gen., Charles C. Stidham, Maricopa Co. Atty., Howard P. Leibow, Deputy Co. Atty., Phoenix, for appellee.

Gibbons, Kinney and Tipton, Phoenix, for appellant.

JOHNSON, Justice.

Defendant was convicted by a jury of the offense of leaving the scene of an accident involving personal injury, a misdemeanor; and after a motion for a new trial was denied, and sentence imposed brings this appeal from such judgment.

Proceedings against defendant were instituted upon the basis of a direct information charging defendant with the willful and unlawful violation of A.R.S. § 28–661 and § 28–663. These sections provide as follows:

"§ 28–661. Accidents involving death or personal injuries

"A. The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forth-

with return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of § 28–663. Every such stop shall be made without obstructing traffic more than is necessary.

"B. Any person failing to stop or to comply with the requirements under the circumstances shall be punished by imprisonment in the county jail for not less than thirty days nor more than one year, by a fine of not less than one hundred nor more than five thousand dollars, or both."

"§ 28–663. Duty to give information and render aid

"The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving and shall upon request exhibit his operator's or chauffeur's license to the person struck or the driver or occupants of or person attending any vehicle collided with and shall render to any person injured in the accident reasonable assistance, including the making of arrangements for the carrying of the person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary

or if the carrying is requested by the injured person."

A violation of these sections is made a misdemeanor by virtue of A.R.S. § 28–1031.

The essential factual outline of this case may be easily delineated. Defendant, driving a Ford automobile, struck a pedestrian, Wayne Edward Johnson, age three years, while proceeding along 42nd Avenue, otherwise known as Rose Lane, in Phoenix, Arizona. While the evidence on this point is rather vague, it appears defendant stopped his car within a distance of 100 to 300 feet from the scene of the accident and proceeded to return thereto. In the meantime, residents of the neighborhood had gathered around the child in the street, the child, it appearing, having been rendered unconscious by the force of the collision. When defendant reached the scene, he approached the child, observed its unconscious state and the ministrations being tendered by certain of those present, and then retreated to his parked vehicle and departed the neighborhood. Defendant apparently remained at the scene of the accident for no more than a minute or two during which time he neither spoke to anyone nor offered any assistance for the benefit of his victim. Shortly after defendant's departure, the police arrived and the injured child was conveyed by ambulance to a hospital.

Thereafter, defendant was apprehended and brought to trial by direct information

charging statutory violations as hereinbefore noted. Specifically, it was charged, defendant did not fulfill the requirements of A.R.S. § 28–663 in that he did not give his name, address, and registration number of the vehicle he was driving to the person struck, nor did he render to that person any assistance, nor did he make any arrangements for the carrying of the injured person to a physician, surgeon, or hospital for medical or surgical treatment, it being apparent that such treatment was necessary.

Defendant on appeal contends that the trial court committed reversible error in denying various motions made by defendant, and in instructing the jury.

■ At the outset, it is necessary to consider defendant's assignment of error that the trial court erred in denying defendant's motion in arrest of judgment on the grounds that A.R.S. § 28–663, insofar as it relates to the requirement of rendition of reasonable assistance to the injured party, is so vague, indefinite, uncertain and broad that the defendant could not be charged with knowledge of duties with which he must comply. Therefore, defendant concludes, the provision violates the Constitution of Arizona, Art. II, Section 24, A.R.S., and is invalid. Defendant cites in support of its proposition the case of Hurst v. State, 39 Ga.App. 522, 147 S.E. 782. We have read this case and find it manifestly unpersuasive. There is certainly nothing so vague about a humanitarian statute such as A.R.S. § 28–663 that "men of common intelligence must necessarily guess at its meaning and differ as to its application." Connally v. General Const. Co., 269 U.S. 385, 46 S.Ct. 126, 127, 70 L.Ed. 322. A more sensible approach than that employed in Hurst v. State, supra, is that expressed in State v. Masters, 106 W.Va. 46, 144 S.E. 718, 719:

"This is a humanitarian statute. It is also claimed that the requirement of the statute, to 'render such assistance as may be reasonable or necessary' is ambiguous, vague and so indefinitely framed, or of such doubtful construction, that it cannot be understood, from the language in which it is expressed * * * and is therefore invalid and inoperative. * * * A highway is for the use of the public at large; indeed, it has been defined to be a road which every citizen has a right to travel. This being so, it is necessary that the travel thereon shall be governed by certain laws, so that the rights of each citizen may be certain of protection. In construing a motor vehicle law, say the authorities, the courts should give force and effect to every part of it, to carry out the intent of the lawmakers; if possible, such intent to be ascertained from

the language in its plain and natural meaning. * * *

* * * * * *

"* * * A common-sense interpretation, therefore, must be given to such statute, giving some effect to each part of it. It is patent that it would be impracticable for the Legislature to undertake to say that in a certain kind of accident particular aid should be extended, and in another accident aid of some other character would be proper. Every case must be governed by the circumstances attendant upon it. What would appear to be 'reasonable and necessary' aid in one case might not appear so in the next one. It is apparent that it would be futile for the Legislature to undertake to be specific in particularizing what aid should be rendered."

To the same effect, see Scott v. State, 90 Tex.Cr.R. 100, 233 S.W. 1097, 16 A.L.R. 1420; People v. Thompson, 259 Mich. 109, 242 N.W. 857; Ule v. State, 208 Ind. 255, 194 N.E. 140, 101 A.L.R. 903. We are of the opinion that the "reasonable assistance" requirement of A.R.S. § 28-663 is susceptible of interpretation and comprehension by persons who possess but ordinary intelligence. Defendant's assignment of error, therefore, is without merit.

The defendant further contends that the trial court erred in failing to direct a verdict for defendant at the close of the prosecution's case because as a matter of law defendant was not required to give his name, address and registration number of his vehicle to an unconscious person, and secondly, because defendant was excused from the duty to render assistance where the injured person was being cared for by third persons and the defendant could have done no more than said third persons were doing.

■■ With respect to the first reason advanced above it is evident that defendant entirely misconstrues one of the manifest objectives of A.R.S. § 28-663. A requirement in a "hit and run" statute that the operator of a vehicle involved in an accident causing personal injury divulge his name, address, and the regisration number of his vehicle to the person injured, is designed to "prohibit drivers of motor cars from seeking to evade civil or criminal liability by escaping, before their identity can be established, and from leaving persons injured in collisions, in distress or danger, for want of proper medical or surgical treatment." State v. Severance, 120 Vt. 268, 138 A.2d 425, 428. The gist of the offense is in concealing, or attempting to conceal the identity of one involved in an automobile accident wherein personal injuries are sustained. People v. Nails, 10 Ill.2d 279, 139 N.E.2d 744, 62 A.L.R.2d 1124. See also, People v.

Green, 96 Cal.App.2d 283, 215 P.2d 127; People v. Kuhn, 139 Cal.App.2d 109, 292 P.2d 964. In view of this statutory objective, defendant's argument that he was excused from performance of the terms of A.R.S. § 28–663, because of the unconsciousness of the victim, is wholly groundless. We are of the opinion that People v. Scofield, 203 Cal. 703, 265 P. 914, cited by defendant in support of its position, has been distinguished effectively from the fact situation at bar in People v. Steele, 100 Cal.App. 639, 280 P. 999. See also, People v. Nails, supra.

■■ Defendant equally is in error in contending that he was excused from the duty to render assistance because of the prior ministrations of third parties. The statutory obligation to render reasonable assistance is imposed upon defendant alone; this obligation cannot be discharged by delegation to another party. People v. Hoaglin, 262 Mich. 162, 247 N.W. 141; People v. Curtis, 225 N.Y. 519, 122 N.E. 623. We quite agree that it was the defendant's "duty under any view of the situation to stop his machine and stand ready to comply with the various provisions of the law, regardless of whether or not the person struck was sufficiently injured to require assistance or so seriously injured that assistance was no longer necessary to * * * material well-being." Moore v. State, 140 Tex.Cr.R. 482, 145 S.W.2d 887, 889; People v. McKee, 80 Cal.App. 200, 251 P. 675; People v. Nails, supra. With respect to defendant's argument that an offer of assistance would have been futile in view of the assistance already being given the child by other parties, the answer is that whatever may be required relative to the duty to render reasonable assistance in a given case is a question of fact for the jury. People v. Steele, supra.

■ We, therefore, conclude that the trial court was eminently correct in refusing to direct a verdict in favor of the defendant as requested.

The other assignment of error challenging the refusal of the trial court to instruct in favor of the defendant on the obligation to render reasonable assistance, is dismissed for reasons set forth above.

■■ Finally, defendant claims that the trial court erred in instructing the jury as a matter of law as to one of the forms of verdict, the particular form being as follows: "We, the jury duly empaneled and sworn in the above entitled action, upon our oaths do find the defendant guilty of leaving the scene of an accident involving personal injury, a misdemeanor, as charged in the information." According to defendant, when a defendant is charged with separate and distinct offenses each requiring

independent proof, the court should properly instruct the jury as to each offense, and the court should instruct the jury that they must agree on at least one of the separate offenses alleged in the information. Proceeding from the hypothesis that A.R.S. § 28–663 constitutes a series of separate and distinct offenses, defendant pyramids an argument that basically challenges the above verdict instruction for lack of specificity. We find it unnecessary to detail defendant's argument in full, for defendant is proceeding from a faulty hypothesis. In the information, defendant was charged with the offense of leaving the scene of an accident involving personal injury. As grounds therefor, the information, as supplemented by a bill of particulars, specified certain violations of Section 28–663, namely, that defendant failed to obey that portion of the section relating to the revelation of defendant's identity, and that defendant failed to render any assistance. These are two elements that constitute the offense of leaving the scene of an accident, and it is not necessary that defendant be guilty of an infraction of both, only that he be guilty of violating either. Whether or not defendant is guilty on either ground will depend upon the jury's view of the evidential particularities of defendant's conduct or lack of it. We are of the opinion, furthermore, that defendant's argument is distinctly untenable in view of the following instruction, given at defendant's request:

"The willful failure of the driver of a vehicle involved in an accident resulting in injury to any person to perform any one of the duties required by the law is a criminal offense, but before the jurors may return a verdict of guilty, they not only must agree that the defendant failed to perform a duty imposed by the law, but they also must agree on at least one particular duty that he failed to perform."

Holding, as we do, that defendant was charged with the commission of one offense, not several, Rules of Criminal Procedure, Rule 293, 17 A.R.S., does not come into operation, and the general verdict was proper under Rule 286.

■ The jury verdict being amply supported by the evidence, the judgment is affirmed.

STRUCKMEYER, C. J., and UDALL, PHELPS and BERNSTEIN, JJ., concur.