909 P.2d 445

**STATE of Arizona, Appellee,**

v.

**Robert Allen RODGERS, Appellant.**

**No. 1 CA–CR 94–0157.**

Court of Appeals of Arizona, Division 1, Department A.

Aug. 15, 1995.

As Corrected Oct. 16, 1995.

Review Denied Jan. 17, 1996.*

---

* Corcoran, J., of the Supreme Court, did not participate in the determination of this matter.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Dawn M. Northup, Assistant Attorney General, Phoenix, for appellee.

John C. Williams, Prescott, for appellant.

## OPINION

THOMPSON, Judge.

Robert Allen Rodgers ("defendant") appeals from his conviction under Ariz.Rev. Stat.Ann. ("A.R.S.") § 28–661 for leaving the scene of an injury accident. The sole issue is whether the evidence presented to the trial court supported defendant's conviction. We find that the evidence was sufficient and, therefore, affirm.

### FACTS AND PROCEDURAL HISTORY

On January 10, 1993, at approximately 4:50 a.m., defendant was driving with the victim southbound on I–17 in Phoenix at a speed of 50–55 miles per hour. After an argument with defendant, the victim opened the vehicle's passenger door and jumped out. The victim apparently suffered a head injury upon impact with the roadway and, while lying prone in the middle of the roadway, was run over by a second vehicle. Although defendant was aware that the victim had jumped from the vehicle, he did not stop at or near the scene to report the incident, provide identification, or render assistance. Soon thereafter, defendant picked up an acquaintance and drove past the scene. Defendant observed that the victim was dead and that an investigation was underway, but did not stop. The victim died of injuries sustained either in the fall or as a result of impact with the second vehicle. The investigating police officer learned of defendant's identity from the acquaintance, who had returned to the scene.

The state charged defendant with leaving the scene of an accident involving death or serious physical injury, a class 5 felony. De-

fendant waived a jury trial in exchange for the state's agreement to amend the indictment to an open-ended class 6 felony, leaving the scene of an injury accident. The trial court convicted defendant based on the grand jury transcript, police reports, and a taped witness interview. At sentencing, defendant's violation was designated as a felony and defendant was placed on probation for three years.

Defendant timely appealed his conviction, and we have jurisdiction pursuant to Ariz. Const. art. VI, § 9 and A.R.S. §§ 13–4031, 13–4033, and 12–120.21(A)(1).

## DISCUSSION

■ Defendant contends that because the victim *deliberately* jumped from his car, defendant was not involved in an "accident." Defendant maintains, therefore, that his failure to remain at the scene did not violate A.R.S. § 28–661, which directs that:

The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of § 28–663.[1]

... Any person who is involved in an accident resulting in an injury ... and who fails to stop or to comply with the requirements of § 28–663 is guilty of a class 6 felony.

The department shall revoke the license or permit to drive and any nonresident operating privilege of the person so convicted.

The word "accident" is not defined in Title 28, Chapter 6, nor have the courts defined the word within the meaning of the statute. Consequently, "accident" must be construed according to its common usage, unless it has acquired some "peculiar or appropriate meaning in the law." *State v. Wilhite*, 160 Ariz. 228, 230, 772 P.2d 582, 584 (App.1989); A.R.S. § 1–213.

■ *Webster's* defines "accident" as "an event occurring by chance ... lack of intention or necessity; an unfortunate event resulting from carelessness, unawareness, ignorance, or a combination of causes; an unexpected happening causing loss or injury...." *Webster's New Collegiate Dictionary* (1981). According to The Oxford English Dictionary, an "accident" is "anything that happens ... an occurrence, incident, event ... an unfortunate event, a disaster, a mishap." *The Oxford English Dictionary* (1971). Indisputably, "accident" has more than one "common" usage. When a criminal statute's language is susceptible of more than one meaning, this court will adopt the meaning that is most in keeping with the legislative purpose behind the statute, examining the evil it seeks to remedy. *State v. Pinto*, 179 Ariz. 593, 596, 880 P.2d 1139, 1142 (App.1994).

■ One of the manifest objectives of § 28–661 is to prohibit drivers from seeking to evade civil or criminal liability by escaping before their identity can be established. *State v. Milligan*, 87 Ariz. 165, 169, 349 P.2d 180, 183 (1960). Were the word "accident" interpreted to cover only those vehicular incidents in which *unintended* harms occur, drivers who *intentionally* commit criminal acts with their vehicles would not be legally obligated to stop, identify themselves, and render aid. This narrow reading of "accident" would result in consequences totally contradictory to the statute's goal of determining culpability. The term "accident" must, therefore, be read to include any vehicular incident resulting in injury or death, whether or not such harm was intended.

We agree with the state that we should adopt the reasoning of the Alaska Court of

---

1. Section 28–663 provides, as here pertinent:

The driver of any vehicle involved in an accident resulting in injury to or death of any person ... shall give his name, address and the registration number of the vehicle he is driving and shall upon request exhibit his driver's license to the person struck or the driver or occupants of or person attending any vehicle collided with and shall render to any person injured in the accident reasonable assistance, including the making of arrangements for the carrying of the person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary....

Appeals, which gave broad scope to Alaska's "hit and run" statutes. In *Wylie v. State,* 797 P.2d 651 (Alaska Ct.App.1990), defendant's wife jumped or fell from defendant's car. Defendant failed to stop and render aid, in violation of Alaska Statutes 28.35.050 and 28.35.060.[2] The Alaska Court of Appeals defined a vehicular "accident" as "any incident in which someone suffers injury or death." *Id.* at 658. The court summarized:

> [W]hen a passenger jumps from a moving vehicle and as a result suffers injury or death, the motorist is obligated to stop and render assistance and notify the proper authorities. In our view, this is true whether or not the operator was warned of the passenger's desire to leave the vehicle. In this way, liability will be more readily determined and further injury prevented.

*Id.* The California Court of Appeals and the Iowa Supreme Court have similarly interpreted their "hit and run" statutes. *See People v. Jiminez,* 11 Cal.App.4th 1611, 15 Cal.Rptr.2d 268 (1992); *State v. Carpenter,* 334 N.W.2d 137 (Iowa 1983).

Defendant asserts that, because the purpose of the statute is to insure that culpable persons involved in accidents are accounted for, and defendant was not responsible for the victim's injuries, the statute should not apply in his case. Defendant correctly notes that "[t]he gist of the offense is in concealing, or attempting to conceal the identity of one involved in an automobile accident wherein personal injuries are sustained." *Milligan,* 87 Ariz. at 169, 349 P.2d at 183. Of this the defendant is manifestly and literally guilty. *Milligan* also interpreted the purpose of the "hit and run" statutes to prohibit drivers "from leaving persons injured in collisions, in distress or danger, for want of proper medical or surgical treatment." *Id.* Because defendant left the victim in danger and in want of treatment, his omissions in this respect

also are of the kind the statute was meant to protect against.

■ Defendant cites *State v. Porras,* 125 Ariz. 490, 610 P.2d 1051 (App.1980), as requiring knowledge of a *collision* before criminal liability attaches under the statute. Defendant contends that he could not have had knowledge of a collision in the instant case because no typical vehicular collision occurred. Although it indeed dealt with a *collision* between two vehicles, *Porras* focused on the scienter requirement found in *People v. Holford,* 63 Cal.2d 74, 45 Cal.Rptr. 167, 403 P.2d 423 (1965). The court in *Holford* held that the scienter requirement for the offense is met by proof that the defendant knowingly left the scene of an *accident* and knew that the accident was of such nature that one would reasonably anticipate that it resulted in injury to a person. *Id.* at 427, 403 P.2d 423. Neither *Porras* nor *Holford* recognized a vehicular collision requirement or otherwise addressed the breadth of the word "accident." The text of § 28–661 does not support the assertion that the statutory duties are triggered only by the occurrence of a collision. We conclude that the defendant was "involved in an accident" from the moment the victim leapt from his car. Because defendant's vehicle was traveling 50–55 miles per hour, it would have been unreasonable for defendant not to have anticipated that the victim would suffer serious injury after her jump. Further, defendant drove back to the scene and observed that the victim had been killed, and still he failed to stop or otherwise perform the statutory duties. Thus, defendant came within the scienter requirement of § 28–661.

Defendant argues, based on the recitation of the hit and run statute's legislative history in *Olson v. State,* 36 Ariz. 294, 285 P. 282 (1930), that, notwithstanding various statutory changes, the word "accident" has consistently meant a "collision" or an unintended event.[3] This argument leads to the same

---

**2.** Alaska Statutes 28.35.060 and 28.35.050 are virtually identical to A.R.S. § 28–661 and § 28–663, respectively.

**3.** Defendant's argument here is apparently based on a contention that, in a previous version of Arizona's hit and run statute passed in 1927, the "duty to stop in case of accident" would only

arise when "the driver of any vehicle ... strikes any person or collides with any other vehicle." *See Olson,* 36 Ariz. at 298, 285 P. at 283. Defendant submits that the language "strikes any person or collides with any other vehicle" informs the meaning of "accident" in the current version of the statute, notwithstanding the legislature's

382

inharmonious interpretation we have rejected above, and we dismiss it for the same reasons.

Defendant conjectures that a broad interpretation of "accident" will create inequities between the instant case and a hypothetical scenario in which a passenger commits suicide while in a vehicle, but does not fall or jump from the vehicle. Defendant argues that if the hypothetical driver in such a scenario failed to stop and render aid, the driver would not be criminally liable under the statute. Because that hypothetical driver's omissions would be equally blameworthy as defendant's, defendant believes it is unfair that he should be held to have violated § 28–661.

To determine the hypothetical guilt of imagined actors is not within our mission. We are mindful, however, that as the supreme court wrote in *Milligan*, highways being "for the use of the public at large," "it is necessary that the travel thereon shall be governed by certain laws," such as §§ 12–661 and 12–663, "so that the rights of each citizen may be certain of protection." 87 Ariz. at 168, 349 P.2d at 182. We fail to see how the suggested hypothetical would implicate considerations of the safety and security of highway travel in any way remotely similar to the consequences of defendant's conduct. In the instant case, defendant's moving vehicle was a cause of the victim's initial injury, and, indirectly, her death. Other motorists were endangered in the incident. The normal progress of other motorists on the highway was interrupted. Our laws require an investigation and determination of any culpability in such incidents. Our laws further require that motorists involved in such incidents remain on the scene so that investigations are not thwarted and aid to injured victims may be rendered immediately. Defendant violated the law and thwarted the precise purposes for which the hit and run statutes were enacted. Whatever blameworthiness may be assigned to defendant's hypothetical driver, defendant's conduct was clearly punishable under Arizona law.

## CONCLUSION

Defendant was involved in a vehicular accident when the victim leapt from his car. He violated the law by failing to remain at or return to the scene to identify himself and render any necessary assistance. The evidence is sufficient to support a conviction under A.R.S. § 28–661. We have reviewed the record before us for fundamental error and have found none. For the foregoing reasons, the trial court's decision is affirmed.

TOCI, P.J., and GERBER, J., concur.

deletion of the purportedly informing language in the current version.

* Corcoran, J., of the Supreme Court, did not participate in the determination of this matter.