[Civil No. 3326. Filed July 12, 1933.]

[23 Pac. (2d) 939.]

DAN S. KITCHEL, as Treasurer and *Ex-Officio* Tax Collector of Cochise County, Arizona, Appellant, v. GADSDEN HOTEL COMPANY, a Corporation, Appellee.

Mr. Arthur T. La Prade, Attorney General, Mr. Frank E. Thomas, County Attorney, and Mr. George M. Roark, Deputy County Attorney, for Appellant.

Messrs. Sutter & Gentry, for Appellee.

ROSS, C. J. — On January 3, 1933, the Gadsden Hotel Company, a corporation, was delinquent in the payment of the last half of its taxes for the year 1931 and for the first half of the year 1932, totaling, including ten per cent. interest from dates of delinquency, the sum of $9,921.71, which sum, together with the taxes for the last half of 1932, or all told $15,055.60, it tendered the defendant county treasurer and *ex-officio* tax collector in full payment of its taxes for such period. Defendant refused to accept such sum but demanded of the plaintiff in addition thereto a fee of four per centum for the collection of such delinquent taxes. Thereafter plaintiff brought this action in *mandamus* to compel the defendant to accept the tender. The trial court entered judgment directing the defendant to accept the tender in full payment and to issue to plaintiff a receipt therefor. The appeal is from this judgment or order and raises the question of the right or duty of defendant as the tax collector to collect the additional four per centum.

In article 7 of chapter 75 of the Revised Code of 1928, entitled "Collection of delinquent taxes," is found this section:

"§ 3128. *Fees for collection; disposal of fees.* The following fees shall be charged for the collection of delinquent taxes: By the county treasurer four per cent. of all sums collected after the second Monday of December, and for making the 'back tax book,' fifteen cents for each tract of land or town lot, separately assessed, *to be taxed as costs* and collected from the party redeeming such tract or town lot; by the superior court clerk, the sheriff, and the printer, such fees as are allowed by law for like services in civil actions, *to be taxed as costs;* but the state or county shall not be liable for any such costs, except printing; nor shall the board of supervisors allow any claim for costs, except printing when no sale is made. The printing shall be a charge against the county. All fees collected by a county officer under

the provisions of this article, shall be by him paid to the county treasurer as other fees are paid." (Italics ours.)

If this section has not been repealed the defendant's demand was legal and proper. The position of the plaintiff is that the section was repealed by chapter 46, Laws of 1929, and by chapter 103, Laws of 1931, the titles to which laws, in part, were "the Collection of Delinquent Taxes." These two chapters are practically the same, so much so that we will refer to chapter 46 only in our future discussion. We have to consider, then, only whether chapter 46, *supra,* repealed or superseded section 3128. The article of which this section is a part is concerned with delinquent taxes and the method of collecting them.

Prior to 1903 delinquent taxes were collected by the tax collector in a summary manner and without any action whatever in court. He published notice of the delinquency and the date of sale and thereafter sold the property. Chapter 7, title 62, Rev. Stats. Ariz. 1901, Civ. Code. In 1903, the legislature, by chapter 92 of the Session Laws of that year, amended the revenue laws by changing the method of collecting delinquent taxes from a summary to a judicial proceeding; and in section 93 (page 169) thereof provided for certain fees to be taxed as costs, such section reading as follows:

"Section 93. Fees shall be allowed for services rendered under the provisions of this chapter as follows:

"To the tax collector, four per cent. of all sums collected, such per centum *to be taxed as costs* and collected from the party redeeming.

"To the clerk of the county board of supervisors for making the 'back tax-book,' twenty-five cents per tract, or town lots *to be taxed as costs* and collected from the party redeeming such tract or town lots.

"To the District Court Clerk, sheriff, and printer such fees as are allowed by law for like services in civil cases, which shall be *taxed as costs* in the case provided, that in no case shall the Territory or county be liable for any such costs, nor shall the county board of supervisors or Territorial Auditor allow any claim for any costs incurred by the provisions of this chapter." (Italics ours.)

In the Revised Statutes of Arizona, 1913, Civil Code, chapter 7, title 49, the judicial method of collecting delinquent taxes was brought forward, together with the provision taxing certain costs against the delinquent property, in practically the same language as in the amendment of 1903. This provision is found in paragraph 4924 thereof. The system of judicial process in collecting delinquent taxes was continued and brought forward into the Revised Code of 1928, in article 7, chapter 75.

The legislature, by chapter 46, *supra,* changed the procedure for collecting delinquent taxes into summary process as it was in 1901 and, in such change, omitted section 3128 therefrom. In other words, there being no action to foreclose the tax lien there could be no court costs, and the fees collected theretofore as costs necessarily fall with the change in the statute and the method of collecting taxes.

A reading of the provisions of the statute concerning the collection of delinquent taxes as it existed in 1903 and 1913 and 1928 in connection with the legislation of 1929 as contained in chapter 46, *supra,* we think convincingly shows that it was the intention and purpose of the legislature that the last enactment on the subject should supersede those of the previous years in so far as the collection of delinquent taxes was concerned.

Since the delinquent tax, under chapter 46, *supra,* is not collected through court action, there could not be, as under the former statutes, any fees "taxed as

costs." Abolishing the court action abolished these costs, including the four per centum to the treasurer or *ex-officio* tax collector.

It is quite evident the legislature intentionally omitted section 3128, *supra,* or its equivalent, from chapter 46, for in section 14 thereof a penalty of $1 on each tract of realty separately assessed is imposed, apparently to cover the costs of publishing notice of sale. We think it quite manifest that the legislature in enacting chapter 46 intended to cover the whole subject of delinquent taxes, so far as their collection is concerned, and the rule in such case is that the last act takes the place of the preceding one. As is said by us in *Olson* v. *State,* 36 Ariz. 294, 285 Pac. 282:

" 'Where the later of two acts . . . covers the whole subject matter of the earlier one, not purporting to amend it, and plainly shows that it was intended to be a substitute for the earlier act, such later act will operate as a repeal of the earlier one, though the two are not repugnant.' *Grant* v. *Baltimore & O. R. Co.,* 66 W. Va. 175, 66 S. E. 709, 710; *Cunningham* v. *Cokely,* 79 W. Va. 60, 90 S. E. 546, L. R. A. 1917B, 718; 25 R. C. L. 915."

Defendant makes the further contention that under the statute the plaintiff had no right to prosecute this action, not having paid the tax, together with all penalties thereon, before suing. He bases this contention on section 50, chapter 46, *supra,* which reads as follows:

"No person upon whom a tax has been imposed under any law relating to taxation shall be permitted to test the validity thereof, either as plaintiff or defendant, unless such tax shall first have been paid to the proper county treasurer, together with all penalties thereon. No injunction shall ever issue in any action or proceeding in any court against this state, or against any county, municipality, or officer thereof, to prevent or enjoin the collection of any tax levied.

After payment an action may be maintained to recover any tax illegally collected, and if the tax due shall be determined to be less than the amount paid, the excess shall be refunded in the manner hereinbefore provided."

We notice that this action is not one contesting the legality or validity of the tax. It admits the taxes are a legal charge upon the plaintiff's property, but does contend that there is no law authorizing the imposition of the four per centum fees claimed by the treasurer. We do not think the institution of this suit violates this statute. The plaintiff is asking the assistance of the court to aid it in paying a tax that it admits to be legal and valid but which defendant refuses to accept unless it pays an unlawful charge.

The judgment is affirmed.

McALISTER, J., concurs.