[Civil No. 4386.   Filed November 10, 1941.]

[118 Pac. (2d) 1110.]

CHRISTMAS COPPER CORPORATION, a Corporation, Appellant, v. CYRIL KENNEDY, as Treasurer and Ex-Officio Tax Collector of Gila County, Appellee.

Mr. Ben C. Hill, for Appellant.

Mr. Frank E. Tippett, County Attorney, and Mr. D. E. Rienhardt, Deputy County Attorney, for Appellee.

ROSS, J.—The plaintiff, Christmas Copper Corporation, brought this action against the defendant, Elton S. Bryant as Treasurer of Gila County, asking that the court by *mandamus* compel the defendant to accept its tender of redemption money to redeem its property struck off to the State of Arizona for the delinquent taxes for the years 1932 and 1933, and the penalties, interest and charges. On motion of defendant, the court entered a judgment dismissing plaintiff's complaint and awarding costs to defendant. The plaintiff appeals on the ground "that the complaint clearly stated a claim upon which the relief sought could be granted."

After the record on appeal was filed in this court, counsel joined in a request that Cyril Kennedy, successor in office to Bryant, be substituted as appellee, which was done.

It appears from the complaint that the taxes on plaintiff's patented mining claims (there listed) were delinquent for the years 1932 and 1933; that on October 31, 1934, the Treasurer of Gila County struck off said claims to the State of Arizona for the amount of the taxes, interest, penalties, and charges, in the sum of $11,083.50, and thereupon issued to the state Certificate of Purchase No. 2122; that the county treasurer, in January and February, 1940, had advertised that the State of Arizona had applied for a treasurer's deed for said mining claims and in said notice had

stated that "if redemption according to law be not made before the 29th day of February, 1940, I will convey said premises to the State of Arizona, or its assignment (assignee)"; that before said date the plaintiff offered to redeem said property by the payment to said treasurer of the amount for which said property was struck off to the state and interest thereon at 10% per annum and in addition all statutory fees with interest, amounting all told to $16,718.08, segregated as follows: $11083.50 due at tax sale and $5,634.58 interest thereon at 10% but that the said defendant refused to accept said sum, and demanded of plaintiff that it pay all subsequent taxes on the property in the sum of $37,883.98, or a total of $54,601.56.

Whether plaintiff's tender was sufficient depends upon the statute covering redemption from tax sale, section 73–823, Arizona Code 1939, the material part of which reads as follows:

"73–823. *Redemption.*—Real property sold under the provisions of this act may be redeemed by the owner, his agent, assignee, or attorney, or by any person having a legal or equitable claim therein, including a certificate of purchase of different date therefrom, at any time before the expiration of three (3) years from the date of sale, or thereafter at any time before the execution of a treasurer's deed to the purchaser, his heirs or assigns, by payment to the county treasurer of the amount for which such real property was sold, with interest thereon at the rate specified in the certificate of purchase, together with the amount of all taxes accruing on such real estate after the sale and paid by the purchaser and endorsed on such certificate of purchase, with interest on such subsequent taxes at the rate of ten (10) per cent per annum; provided, that all statutory fees paid by the purchaser or his assigns in connection with such certificate shall be added to the amount payable on redemption and shall bear interest at the rate of interest specified in such certificate except as changed by this act. . . . "

■ . Clearly, under such statute plaintiff's tender was all the law required to entitle it to redeem from the tax sale. Its offer covered all the delinquent taxes, penalties, charges and interest for the years 1932 and 1933. There is no provision of the statute requiring a redemptioner to pay all subsequent taxes, penalties, charges and interest to redeem when the purchaser at the tax sale is the state and the applicant for the tax deed.

■ The provisions of sections 73-816 and 73-817, with reference to certificate holders paying subsequent taxes and penalties, are applicable only to persons, or their assignees, who have bought property at tax sales or who are assignees of the state and wish to pay subsequent taxes. These provisions do not apply to the state when a purchaser at a tax sale. The state is not required to pay subsequent taxes, or any taxes, "until the same shall have been derived from the sale or redemption of such property or certificate of purchase." Sec. 73-806. It is merely acting in the capacity of a collector of the current taxes and takes the title to the delinquent property for that purpose only. *Hill* v. *County of Gila,* 56 Ariz. 317, 107 Pac. (2d) 377.

■ While real and in fact all property liable for taxes is under the statute required to be assessed annually, sec. 73-402, and, if the taxes are not paid when due and become delinquent, to be advertised and sold for the taxes, penalties, etc., the fact that the officer neglects or refuses to do his duty each year by selling the delinquent property does not relieve it from the payment of the taxes. The statute expressly authorizes the officer to include in a proceeding to collect delinquent taxes all preceding years. Sec. 73-820. This does not authorize the omission from delinquent tax sale of the property for the current year or any other year. .

Plaintiff is not contesting the validity of the taxes but on the contrary admits they are valid and that the sale and all proceedings leading to the sale are valid.

Defendant's contention, that plaintiff is prohibited by section 73–841 from invoking an injunction until all the taxes are paid, has no application to the facts in this case.

■ Defendant questions the remedy of *mandamus* as being a proper one in this kind of proceeding. We can think of no other adequate remedy. If the plaintiff has done everything necessary under the law to entitle it to redeem, and the county treasurer refuses to permit it to redeem, such officer is declining to perform an act the law specifically imposes upon him as a duty resulting from his office. In such case the statute requies him to accept the redemption money and he may be compelled by *mandamus* to do so. Section 28–201; *Kitchel* v. *Gadsden Hotel Co.*, 42 Ariz. 226, 23 Pac. (2d) 939.

The order dismissing the complaint is vacated and set aside and the case is remanded with directions to reinstate it and grant the relief asked, on condition that plaintiff's tender is made good by paying into court the taxes, penalties, interest and charges for the years 1932 and 1933; plaintiff to recover its costs in this and the lower court.

LOCKWOOD, C. J., and McALISTER, J., concur.