[Civil No. 4676. Filed October 18, 1943.]

[142 Pac. (2d) 212.]

ARIZONA TITLE GUARANTEE AND TRUST COMPANY, Appellant, v. THE STATE OF ARIZONA and JOE CONWAY, as Attorney General of the State of Arizona, Appellees.

Messrs. Perry, Silverthorne & Johnson, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. Earl Anderson, Chief Assistant Attorney General, for Appellees.

ROSS, J.—This action was brought by the Arizona Title Guarantee and Trust Company, engaged in a title insurance business in Phoenix, Maricopa County, Arizona, against the state and its attorney general to secure a declaratory judgment as to the constitutionality of sections 73–838 and 73–839, Arizona Code 1939, authorizing and directing the board of supervisors to advertise, for *four* weeks, real estate within the county "held by the state by tax deed" and thereafter to sell the same at private sale to the highest bidder for cash. It is alleged by plaintiff that such sections of the statute are void as in conflict with sections 1 and 3 of Article X of the state Constitution, which, in substance, provide that all state lands acquired in any manner by the State of Arizona shall be sold only at public auction after *ten* weeks' notice of sale by advertisement, etc.

The attorney general contends that sections 1 and 3 of Article X of the Constitution do not apply to lands acquired by the state through foreclosure of tax liens, which contention we think must be right. The trial court so held, and from such judgment the plaintiff has appealed.

The requirements of section 1 of Article X that:

"All lands expressly transferred and confirmed to the state by the provisions of the Enabling Act approved June 20, 1910, including all lands granted to the state and all lands heretofore granted to the territory of Arizona, and all lands otherwise acquired by the state, shall be by the state accepted and held in trust to be disposed of in whole or in part, only in manner as in the said Enabling Act and in this Constitution provided, and for the several objects specified in the respective granting and confirmatory provisions.

The natural products and money proceeds of any of said lands shall be subject to the same trusts as the lands producing the same,''

and of section 3 that before any such lands may be sold or disposed of they must be advertised for ten weeks, clearly were intended to apply to lands acquired and held by the state in its proprietary capacity and not the lands acquired by the state in tax foreclosure proceedings, as here.

In *Pinal County* v. *Pomeroy, ante,* p. 448, 139 Pac. (2d) 451, 454, we stated:

''The state, in taking title to the property for the nonpayment of the taxes, acted solely in aid of the taxing authorities in collecting taxes against the property and for that purpose took the title to the property in its governmental capacity, and not as proprietor. *Christmas Copper Corp.* v. *Kennedy,* 58 Ariz. 216, 118 Pac. (2d) 1110. As is said in *Longview Co.* v. *Cowlitz County,* 1 Wash. 2d 64, 95 Pac. (2d) 376, 379: ' . . . when the county becomes the purchaser of land at a general tax foreclosure sale for want of other bidders, the county, upon the deed being issued to it pursuant to such sale, acquires title to such property in fee, as against the owner. However, the title thereby acquired becomes vested in the county, not in its proprietary capacity, but in trust for the state and for the other taxing municipalities within which the land is situated, with power and obligation on the part of the county to sell the land and fairly apportion the proceeds to the state, municipal, and other funds entitled thereto. . . . ,'

''See, also, *Bennett* v. *Grays Harbor County,* 15 Wash. 2d 331, 130 Pac. (2d) 1041. Under our law the title to land sold for taxes vests in the state instead of the county, otherwise the rule is the same here as in Washington.''

Under this holding the tax title acquired by the state becomes vested in the state, not in its proprietary capacity but in trust for the state and for

the other taxing municipalities or units within which the land is situated, with the power and obligation on the part of the state to sell the land and fairly apportion the proceeds to the state, municipal and other funds entitled thereto. We think this is decisive of the question here raised. Lands, the title to which became vested temporarily in the state through tax proceedings, are not grants to the state, nor does the state "acquire" title thereto except in its governmental capacity as a tax collector.

The judgment of the lower court is affirmed.

McALISTER, C. J., and STANFORD, J., concur.