[Criminal No. 705. Filed February 24, 1930.]

[285 Pac. 282.]

WILLIAM N. OLSON, Appellant, v. STATE, Respondent.

Messrs. Cox & Janson, for Appellant.

Mr. George T. Wilson, County Attorney, Mr. K. Berry Peterson, Attorney General, and Mr. Riney B. Salmon, Assistant Attorney General, for the State.

McALISTER, J.—The appellant herein, William N. Olson, was accused by information of "the crime of leaving the scene of an accident, a felony," and upon conviction given a sentence of not less than one year nor more than one year and one month in

the state prison. The information charges that on December 19th, 1928, he "well knowing an injury had been caused to one Marie Wells, which said injury was caused by carelessness of him, the said William N. Olson, or by accident, in a collision between an automobile then and there being driven by the said William N. Olson and the said Marie Wells at or near the intersection of Sixteenth Street and Indian School Road, in Maricopa County, State of Arizona, did then and there wilfully, unlawfully and feloniously leave the place of said injury or accident without stopping and giving his name, residence, including street number, and operator's license to the injured party, or to a police officer or reporting said injury or accident to the nearest police station or peace officer."

A general demurrer to this information was interposed and the order overruling it is the first error assigned, the ground therefor being that the information is susceptible of two interpretations and consequently so indefinite that it does not inform the appellant of the charge against him. Whether this be true or not it is unnecessary to decide because an examination of the statute for the purpose of determining the sufficiency of the information discloses that it was drawn under paragraph 5134, subdivision 5, Revised Statutes of 1913, and that this provision had been replaced by chapter 2 of the Session Laws of the Fourth Special Session of the Eighth Legislature more than a year prior to the date on which the crime was alleged to have been committed. This later act, which was passed in 1927, is commonly referred to as the Highway Code and it is apparent from reading it that it was the purpose of the legislature in passing it to cover fully and completely the subject of highway legislation. It repeals specifically chapter 7, and all of chapter 8 except four paragraphs, 5134 to 5137, Title 50, Re-

vised Statutes of 1913, and acts amendatory thereof, the former being entitled "State Highways" and the latter "Use of Public Highways by Motor Vehicles," and a comparison of its provisions with those of chapter 8 not included within the direct repeal reveals conclusively that they have superseded the latter and hence repealed them by implication. For instance, the first of these four paragraphs, 5134, contains six subdivisions which deal principally with the matter of the speed of motor vehicles under various circumstances, the giving of warnings, operating a car in an intoxicated condition, and reporting injuries knowingly caused by carelessness or accident, and an examination of the new act discloses that it has dealt with all these subjects just as fully if not more so than they. And the same may be said of the matters treated in the other three paragraphs. That such is true of the two provisions with which we are here concerned, namely, subdivision 5 of paragraph 5134, upon which the information is based, and the one replacing it, section 27, chapter 5, of the new Code, is apparent without any extended study of their purport and language. The first is in these words:

"(5) Anyone operating a motor vehicle, while in an intoxicated condition, shall be guilty of a misdemeanor. Any person operating a motor vehicle who, knowing that injury has been caused to person or property, due to the carelessness or culpability of the operator, or to accident, leaves the place of said injury or accident without stopping and giving his name, residence, including the street and number, and operator's license number to the injured party, or to a police officer, or in case no police officer is in the vicinity then reporting the same to the nearest police station, or peace officer, shall be guilty of a felony, punishable by a fine of not more than five hundred dollars, or by imprisonment for not more than two years, or by both such fine and imprisonment, and if any person be convicted a second time

of either of the foregoing offenses, he shall be guilty of a felony, punishable by imprisonment for not more than five years."

The second reads as follows:

"Section 27. Duty to stop in case of accident. The driver of any vehicle which strikes any person or collides with any other vehicle shall immediately stop and give his name and address and the names and addresses of all passengers not exceeding five in his vehicle, also the registration number of his vehicle, to the person struck or the occupants of the vehicle collided with, and shall also render to such persons all necessary assistance, including the carrying of such persons to a physician or surgeon for medical or surgical treatment, if such treatment is required or if such carrying is requested by the person struck or any occupant of such vehicle collided with."

It will be observed that the first sentence of subdivision five makes the operating of a car by one intoxicated a misdemeanor, and a search of the new Code discloses that section 1, chapter 6 thereof, does the same thing, though it includes others—those driving cars while under the influence of narcotic drugs or the habitual users thereof—and while it still calls the crime a misdemeanor it increases the punishment from a maximum fine of $300 or imprisonment of six months in the county jail, or both, to a maximum fine of $5,000 or imprisonment of one year in the county jail. A minimum fine of $200 or imprisonment for ninety days is also provided for, whereas the old law permitted any minimum the court desired to fix.

The remainder of this subdivision, the particular portion of which appellant is accused of violating, defines certain conduct on the part of an operator of a motor vehicle as a crime, the gist of it being that one who, knowing an injury has been caused to a person or property, due to his carelessness or acci-

dent, leaves the place where it occurs without stopping and giving to the proper parties the information therein required regarding the injury or accident is guilty of a felony and upon conviction is punishable by a fine not exceeding $500 or imprisonment in the state prison not exceeding two years, or both, and upon conviction of a second offense by imprisonment not exceeding five years. Section 27, as the language giving its subject matter, ''Duty to stop in case of accident,'' indicates, deals substantially with the same state of facts. It does not use the exact language but the general idea is the same, namely, the duty of one driving a car, who strikes a person or collides with any other vehicle, to stop and give practically the same information. The parties to whom it shall be given, the injured or the occupants of the car collided with, are not, it is true, quite the same as in the old law, the officers mentioned therein being entirely omitted, but this is taken care of in section 7, chapter 3, an entirely different portion of the act. Subdivision (b) of this section reads as follows:

''(b) It shall be the duty of the driver of any vehicle involved in an accident resulting in injury or death to any person, or property damage to an apparent extent of fifty dollars or more, to forthwith report the accident in writing to the police department of the city wherein such accident occurred, or if it occurred outside of a city, then to the sheriff of the county wherein it occurred.''

The fact that under the wording of the old law the driver must have known that an injury had been caused by his carelessness or by an accident before his leaving the place where it occurred without stopping and giving the information the statute required constituted an offense, when such is not true under the new, does not signify that the subject matter of section 27 is different from that of subdivision

five, because the former is broader than the latter in that its provisions apply to the driver of any vehicle which strikes a person or collides with another vehicle whether he knows of it or not. Knowledge is not an ingredient of the offense under the new provision but a lack of it would doubtless constitute a good defense unless it appeared that in driving the car the operator was guilty of conduct so careless and wanton that the law would presume that he knew it.

Failure of the driver to perform any of the acts mentioned in section 27, chapter 5, or section 7, chapter 3 of the new Code, is by section 18, chapter 6 thereof, made a misdemeanor instead of a felony as under subdivision 5 of paragraph 5134, and this of itself is sufficient to show that the intention of the legislature was that the latter should not be continued, even though for a reason inexplicable upon any theory except that of oversight, it omitted to include in the act a direct repeal thereof. In 36 Cyc. 1095 and 1096 is found this language and many citations in its support:

"Where a statute expressly alters the grade of an offense, as by making it a misdemeanor instead of a felony, or *vice versa,* it operates to repeal by implication the former law on the subject. . . .

"It is a well-settled rule that where a statute prohibits a particular act, and imposes a penalty for doing it, and a subsequent statute imposes a different penalty for the same offense the latter statute operates by way of substitution and not cumulatively, and repeals the former, and this whether the penalty is increased, or diminished; the intention to inflict two punishments for the same offense not being imputable to the legislature."

The Highway Act itself discloses in the very first clause of its title that in passing it the legislature was prompted by a desire to provide a full and complete Highway Code. It reads: "An Act to pro-

vide a code for the systematic and orderly administration of all matters and affairs directly affecting or concerning the highways of the State." One hundred thirty-five pages of the volume containing it are devoted to it, and the various phases of the subject—new ones as well as all those dealt with in the statute of 1913 and its amendments—are treated in it so comprehensively and thoroughly that it is inconceivable that the legislature intended to retain any portion of the old law. "Where the later of two acts," to use the language of *District of Columbia* v. *Hutton,* 143 U. S. 18, 36 L. Ed. 60, 12 Sup. Ct. Rep. 369, "covers the whole subject-matter of the earlier one, not purporting to amend it, and plainly shows that it was intended to be a substitute for the earlier act, such later act will operate as a repeal of the earlier one, though the two are not repugnant." *Grant* v. *Baltimore & O. R. Co.,* 66 W. Va. 175, 66 S. E. 709, 710; *Cunningham* v. *Cokely,* 79 W. Va. 60, L. R. A. 1917B 718, 90 S. E. 546; 25 R. C. L. 915.

It being true, therefore, that the last expression of the legislature on any subject is the law whether the old statute be consistent therewith or not, the only way by which provisions of the old not inconsistent with those of the new dealing with the same subject matter may be continued is by express language to that effect, and when this does not appear a repeal by implication is the result. Such is the purport of paragraph 5553, Revised Statutes of 1913, reading as follows:

"When a statute has been enacted by the legislative power of the state, and has become a law, no other statute, law or rule, is continued in force because it is consistent with the provisions of such statute, passed subsequently thereto, but in all cases provided for by such subsequent statute, all statutes, laws and rules, theretofore in force in this state, whether consistent or not with the provisions of such

subsequent statutes, unless expressly continued in force by it, shall be repealed and abrogated."

Convicting a person of violating in December, 1928, a statute that had been repealed since August, 1927, is clearly fundamental error and though unassigned the fact that the record discloses it gives this court no alternative other than to hold the entire proceeding a nullity.

The judgment, therefore, is reversed and the cause remanded, with instruction to the trial court to dismiss it.

LOCKWOOD, C. J., and ROSS, J., concur.