[Criminal No. 775. Filed October 18, 1932.]

[15 Pac. (2d) 245.]

EDWARD K. PITCHER, Appellant, v. STATE, Respondent.

Mr. J. W. Pruitt, for Appellant.

Mr. K. Berry Peterson, Attorney General, Mr. J. R. McDougall, Assistant Attorney General, and Mr. Lloyd J. Andrews, County Attorney, for the State.

ROSS, J.—The appellant, having been convicted of practicing the business of barbering without first obtaining a license, brings the matter to this court for review.

He claims that the act of the legislature (chapter 39, Session Laws of 1931) which undertakes to make his act a crime is unconstitutional for two reasons: . (1) Because it attempts to amend chapter 58, Revised Code of Arizona 1928 (section 2499 et seq.), by adding thereto other provisions without setting forth the act as amended, and attempts to amend chapter 76, Session Laws of 1929, by adding other provisions without setting forth the amended act in full, all in violation of section 14, part 2, article 4, of the Constitution; and (2) because said chapter 39, without expressing in its title an intention to amend chapter 58, *supra*, or chapter 76, *supra*, or of repealing chapter 76, did amend said chapters and did repeal chapter 76, in contravention of section 13, part 2, article 4, of the Constitution.

Chapter 58 of the Revised Code of Arizona 1928 is headed "Professional and business pursuits" and

contains legislation enacted by various legislatures prior to the compilation of 1928, regulating and licensing fourteen different trades and professions, each complete in itself.

Chapter 39 was enacted, according to its title, "to regulate the business of barbering and cosmetology, and to create a board of barbers and cosmeticians," and is complete in itself. Because its section 1 reads as follows:

"Chapter 58, Revised Code, 1928, entitled 'Professional and business pursuits,' is hereby amended by adding an article, to be designated Article 15, barbers and cosmeticians, and to read as follows:

"Article 15. Barbers and Cosmeticians,"

—appellant contends it amends chapter 58.

An inspection of both chapters shows that all that was done was to add to the fourteen laws already compiled in chapter 58 another law, complete in itself, on an entirely different subject. Not a word of chapter 58 as it existed prior to the passage of chapter 39 has been changed. It is the same, and really the only thing chapter 39 has done is to indicate, in case of a subsequent revision of our laws, where it logically and practically belongs in such revision. Indeed, section 1 of chapter 39 could have been omitted without in the least affecting the meaning or efficacy of the enactment. Chapter 39 does not contravene section 14, part 2, article 4, of the Constitution. It is a complete act. It does not modify, amend, or revise chapter 58 of the Revised Code or chapter 76 of the Session Laws of 1929.

Chapter 39 covers the same subject matter as chapter 76, and confirms, for their several terms, the members of the board of barbers and cosmeticians appointed thereunder, and in the concluding section thereof repeals chapter 76 and all laws and parts of laws in conflict with its provisions. We cannot see

that chapter 39 violates in any manner the "one subject" provision (sec. 13, pt. 2, art. 4) of the Constitution. It was not necessary to include in the title a mention of the repeal of chapter 76 and other laws in conflict with its provisions. Such repeal is always germane when the later of two acts covers the same subject matter. 25 R. C. L. 867, § 112; *Olson* v. *State,* 36 Ariz. 294, 285 Pac. 282.

We conclude that chapter 39 does not violate either of the provisions of the state Constitution suggested by the appellant, and that his conviction, being under a valid law, should stand.

McALISTER, C. J., and LOCKWOOD, J., concur.