[Criminal No. 868. Filed April 3, 1939.]

[88 Pac. (2d) 996.]

STATE OF ARIZONA, Appellant, v. JIM LEE, Respondent.

Mr. Joe Conway, Attorney General of Arizona, and Mr. W. E. Polley, his Assistant, for Appellant.

Mr. Duane Bird and Mr. Thomas L. Hall, for Respondent.

LOCKWOOD, J.—Jim Lee, hereinafter called respondent, was informed against by the county attorney of Santa Cruz county for the crime of "hit and run driving". The information, so far as material for a consideration of this case, reads as follows:

"The said Jim Lee . . . (was) then and there driving a certain vehicle, to-wit, a certain Ford coupe, upon a public highway, . . . at which time and place one Charles Brown was also driving a certain vehicle, to-wit, a certain Buick coupe, which was occupied by said Charles Brown and one Mrs. C. L. Brown, on said highway; that said vehicle so driven by said Jim Lee did then and there collide with said vehicle so driven by said Charles Brown and the said Jim Lee, after said collision, did then and there willfully, unlawfully, feloniously and knowingly fail to stop and fail to give his name and address or the registration number of said Ford coupe to the said Charles Brown and the said Mrs. C. L. Brown or either of them, . . . "

Thereupon a demurrer was filed to the information, which raised the following objections thereto:

"I. The information does not reveal which of the vehicles involved struck the other, which of the drivers

was at fault, nor that the defendant had any knowledge whatsoever of the alleged collision.

"II. It appears from such information that the defendant is charged with hit and run driving, a violation of a duty to stop in event of accident, of the commission of two felonies and possibly one misdemeanor.

"III. 1. There is no such crime in the State of Arizona known as 'hit and run driving.'

"2. Said information is fatally defective because of its failure to allege defendant's knowledge that a collision had taken place.

"3. Section 1608 of the Revised Code of Arizona, 1928, is unconstitutional because it compels an accused to give evidence against himself, because it is so indefinite and so severe that it violates the principles of natural law and right and hence is in excess of the legislative power, and because it stands upon equal footing with another statute of the State which makes the identical offense a misdemeanor."

The trial court sustained the demurrer, and dismissed and set aside the information, whereupon the state has appealed.

The respondent has admitted, in substance, in his brief that section 1608, Revised Code of 1928, is constitutional; that under our decisions the information substantially complies with the requirements of law as to matters in which it is required to be definite and certain, and that only one offense is charged thereby. The real issue in the case is whether the information is defective in that it fails to allege respondent had knowledge that the collision set forth in the information had occurred.

It is urged by respondent that under section 1608, *supra*, on which the information is admittedly based, an essential ingredient of the offense set forth in the section is that the accused had knowledge that a collision had occurred, and this being the case, it is necessary for the state to both allege and prove such

knowledge. This knowledge, it is contended, the information did not charge.

It is the position of the appellant, on the other hand, that the section does not make knowledge that a collision occurred an essential element of the offense, and that it is not necessary for the state to either charge or prove such knowledge, although it admits that proof of lack of knowledge by the defendant would constitute an affirmative defense to the charge; and, second, if it be held that knowledge must be both alleged and proved, as claimed by respondent, the information does sufficiently allege such knowledge.

The offense commonly known as "hit and run driving" first came into our code in the law of 1913 as a portion of subdivision 5 of paragraph 5134, Revised Statutes of Arizona of 1913. That subdivision, so far as material, reads as follows:

" . . . Any person operating a motor vehicle who, knowing that injury has been caused to person or property, due to the carelessness or culpability of the operator, or to accident, leaves the place of said injury or accident without stopping . . . "

It will be noted that the section expressly includes knowledge of the injury as an essential element of the offense. In section 27 of subchapter 5, chapter 2, of the fourth special session of the legislature, 1927, the following was substituted for the offense set forth in section 5134, *supra:*

" . . . The driver of any vehicle which strikes any person or collides with any other vehicle shall immediately stop and give his name and address and the names and addresses of all passengers not exceeding five in his vehicle, also the registration number of his vehicle, to the person struck or the occupants of the vehicle collided with, and shall also render to such persons all necessary assistance, including the carrying of such persons to a physician or surgeon for medi-

cal or surgical treatment, if such treatment is required or if such carrying is requested by the person struck or any occupant of such vehicle collided with.''

The offense as set up in this last section, it will be noted, did not expressly include knowledge of the collision as an element of the offense. In the case of *Olson* v. *State,* 36 Ariz. 294, 299, 285 Pac. 282, 284, an information was filed based under section 5134, *supra.* The court, in discussing the questions raised, stated:

''The fact that under the wording of the old law the driver must have known that an injury had been caused by his carelessness or by an accident before his leaving the place where it occurred without stopping and giving the information the statute required constituted an offense, when such is not true under the new, does not signify that the subject matter of Section 27 is different from that of subdivision five, because the former is broader than the latter in that its provisions apply to the driver of any vehicle which strikes a person or collides with another vehicle whether he knows of it or not. Knowledge is not an ingredient of the offense under the new provision but a lack of it would doubtless constitute a good defense unless it appeared that in driving the car the operator was guilty of conduct so careless and wanton that the law would presume that he knew it.''

But we then said that since section 27, *supra,* had in effect repealed 5134, *supra,* before the information was filed, the judgment must be reversed. The above language, however, shows clearly that it was the opinion of the court that the legislature had the power to make an act an offense without stating it required any specified knowledge or intent, and that when such was the case a lack of knowledge was a matter of defense, and that knowledge itself did not have to be alleged or proved as part of the state's case.

In 1928 the law was again amended so that it read as follows:

"§ 1608. *Duty to stop in event of accident; penalty.* The driver of any vehicle which collides with any person or any vehicle upon the highways, shall immediately stop, give his name and address, the names and addresses of all passengers, not exceeding five, in his vehicle and the registration number of his vehicle, to such person or to the occupants of the vehicle collided with, and shall immediately render reasonable assistance, including the carrying of such person to a physician for treatment, if such treatment is required or if carrying is requested by the person struck or by any occupant of the vehicle collided with. Any person knowingly violating this section is guilty of a felony . . . "

This section is peculiarly worded in that in the portion describing the offense, defendant's knowledge is in no way referred to, but the portion fixing the penalty expressly states that it applies only to "any person knowingly violating this section."

A similar question has come before the courts in a number of states. When the word "knowingly" does not appear as a part of the description of the offense, it is very frequently held that lack of knowledge is merely a matter of defense, and that the state need not allege nor prove affirmatively that knowledge exists. *State* v. *Masters,* 106 W. Va. 46, 144 S. E. 718; *Scott* v. *State,* 90 Tex. Cr. Rep. 100, 233 S. W. 1097, 16 A. L. R. 1420. But we have been cited to no case where the statute does contain the word "knowing" or "knowingly" or a similar phrase as a part of the offense, where it is held that the state must not both allege and prove knowledge as part of its affirmative case. *Thompson* v. *State,* 25 Ariz. 314, 216 Pac. 1074; *Commonwealth* v. *Horsfall,* 213 Mass. 232, 100 N. E. 362, Ann. Cas. 1914A 682. Whatever may be the rule when the legislature has expressly omitted all mention of knowledge from the description of an offense, we think when that word is included, as it is in section

1608, *supra,* it is essential that the state both allege and prove such knowledge in order to make a case, and this is but reasonable. Common sense and justice alike revolt at the idea that a man may be held criminally responsible for something which he does not even know he has done. And if a driver has no knowledge that a collision of any kind has occurred, it would indeed be a harsh rule which would send him to the penitentiary for leaving the scene of an accident which he did not know had occurred. That this is true is shown by the fact that there is no case, so far as we are aware, that has ever held that lack of knowledge may not be shown as a defense. The real issue is whether it is incumbent upon the state to plead and, therefore, show knowledge affirmatively, or upon the defendant to show lack of knowledge. We think that the respondent is correct in his contention on this point. This of course does not mean that the state must prove such knowledge by positive and direct evidence only. Circumstantial evidence is just as admissible upon this issue as upon any other, and if there are circumstances connected with the case which would justify a reasonable man in assuming that the defendant must have known of the collision, such evidence is sufficient to take the issue to a jury. We hold, therefore, that it is necessary in charging a violation of section 1608, *supra,* that the state allege not only that there was a collision and that the defendant left the scene of the accident without compliance with the statute, but that he knew that the collision had occurred.

We then consider whether the information does sufficiently allege such knowledge. It first sets up the fact of the collision, and then alleges that the said Jim Lee, after said collision, "did then and there willfully, unlawfully, feloniously and knowingly" fail to stop. It is contended by respondent that this is not a sufficient allegation of a collision, but at most alleges

knowledge by him that he did not stop. We think that the contention is unsound. In the case of *People v. Odom,* 19 Cal. App. (2d) 641, 66 Pac. (2d) 206, 208, the statute did not expressly make knowledge an ingredient of the information. The Supreme Court of California said, however:

" . . . It is contended the information is fatally defective for the reason that it is not alleged therein that the defendant knew his machine had hit and injured the pedestrian. Assuming, without so deciding, that it is necessary to allege in an information that the person accused of violating the provisions of section 480 of the Vehicle Code knew that his machine was 'involved in an accident resulting in injury to or death of any person,' we are of the opinion that knowledge on the part of the defendant in this case is sufficiently alleged, . . . "

and after stating the charging part of the information as follows:

" 'Willfully and unlawfully drive a motor vehicle upon a public highway therein and did fail to immediately stop said motor vehicle involved in an accident causing injuries and death to another person and to render aid as provided in section 482 (a) of the Vehicle Code,' "

the court continued:

" . . . To charge that the defendant willfully drove the machine in such a manner as to cause the injury or death of a person, in effect alleges that he knowingly drove it so as to cause the injury or death of the individual. To allege that one knowingly operated a machine in such a manner as to kill or injure another person is equivalent to saying he knew that he had injured or killed the person by the manner in which he drove the machine.

"An information which charges that a person 'willfully and unlawfully' performed an act is equivalent to alleging that he knowingly did so, and thus supplies the element of knowledge of the unlawful act where

that element is necessary to be alleged in the pleading. [Citing cases.]''

In the present case, the information not only alleged that the defendant willfully and unlawfully failed to stop, but that he did so ''knowingly.'' The only circumstances in which a failure to stop could have been unlawful was if he knew there had been a collision, and we think an allegation that he willfully, unlawfully and knowingly failed to stop is equivalent to the allegation that he knew that fact. Informations are construed with much greater liberality at the present time than under the old common law, and we think that the one under consideration does ''clearly and distinctly set forth in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended,'' (sec. 4982, Rev. Code 1928) that respondent was accused of violating section 1608, *supra*, by leaving the scene of a collision, which he knew had occurred, without complying with the provisions of the section.

The judgment is reversed and the case remanded with instructions to overrule the demurrer to the information, and for such proceedings as may seem proper under the circumstances.

ROSS, C. J., and McALISTER, J., concur.