CARROLL, DONALD K., Chief Judge.
The defendant has appealed from a judgment and sentence entered by the Duval County Criminal Court of Record, based upon a jury verdict, adjudging him guilty of all charges in a three-count information.
The first count of the information charged the defendant with driving an automobile while intoxicated and killing a ten-year-old boy. The second count charged that the defendant was culpably negligent in driving an automobile, but without intent to murder, and killing the said boy. The third count charged the defendant with failing to remain at the scene of the accident. The jury found the defendant guilty of the crimes charged in these three counts. The court then sentenced the defendant to serve three years on the first count, but *2 deferred sentencing him on the second and third counts.
During the trial the defendant at the close of the prosecution’s case moved for a directed verdict and renewed the motion at the end of all the evidence. The court denied both of these motions, and the propriety of such actions is the issue presented for our determination in this appeal.
These facts stand out as established without substantial contradiction: During the night of April 28, 1962, the defendant was driving his automobile along a highway in Duval County, when he heard a noise which he thought was caused from driving into a pot hole in the road, and drove on to his destination. Upon stopping his automobile defendant examined the front portion thereof and discovered a dent in his front fender. Being apprehensive that the noise he heard and thought to be caused by running into a hole in the pavement might have resulted from having struck a pedestrian or some other object, defendant immediately returned to the place where he had heard the bump, to see if in fact his apprehensions were well founded. There he found the body of a ten-year-old boy in the road, presumably killed by a passing car.
While the defendant admitted to some drinking earlier in the day, there was no direct evidence that he was in an intoxicated condition, as indicated in an analysis of his blood. With the exception of this blood test, nearly all of the remaining evidence was consistent with the hypothesis that he was not intoxicated.
The second count of the information charges the crime of manslaughter by culpable negligence. The evidence as to the rate of speed of the defendant’s car at the time of the accident was at best uncertain and inconclusive. The evidence as to other aspects of the defendant’s operation of his car is equally unsatisfactory. In the case of Carraway v. Revell, 112 So.2d 71 (Fla.App. 1st, 1959) this court defined culpable negligence in the following manner:
“* * * [Cjulpable negligence means negligence of a gross and flagrant character, evincing reckless disregard of human life, or the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or which shows such wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them. * * * ”
Applying the foregoing standards for proof of culpable negligence, we hold that the evidence at the trial fails to meet these standards. Certainly that evidence did not prove culpable negligence on the defendant’s part beyond a reasonable doubt.
The third count, charges the defendant with a failure to remain at the scene of an accident. A necessary element of that offense is scienter—the defendant’s knowledge that his car had caused personal injuries or property damage.
On this point the overwhelming weight of the credible evidence is that he did not know that his car had struck someone.
Our conclusion from the above is that none of the three counts of the information was satisfactorily established by competent evidence, and that the court erred in refusing to grant defendant’s motion for a directed verdict at the close of the evidence. The judgment appealed from is therefore reversed and, upon remand of this cause, the trial court is instructed to discharge the appellant from custody.
WIGGINTON and RAWLS, JJ., concur.