610 P.2d 1051

**STATE of Arizona, Appellee,**

v.

**Guadalupe Najera PORRAS, Appellant.**

**No. 1 CA–CR 3967.**

Court of Appeals of Arizona,
Division 1,
Department C.

Feb. 28, 1980.

Rehearing Denied April 1, 1980.

Review Denied May 6, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Chief Counsel, Criminal Division, Asst. Atty. Gen., Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

Marks, Shea & Wilks by Philip J. Shea, Phoenix, for appellant.

OPINION

JACOBSON, Judge.

The issue presented in this appeal is whether in the prosecution of a "hit and run" violation under A.R.S. § 28–661 (leaving the scene of an accident where injury to a person results) the state is required to prove knowledge by the defendant that an injury occurred.

The defendant, Guadalupe Najera Porras, was charged and convicted, after a trial to the court, of the misdemeanor offense of leaving the scene of an accident involving injury to another person in violation of A.R.S. § 28–661. She appeals, contending that the trial court failed to consider her defense that the evidence did not establish that she knew or had reason to know the accident in which she was involved resulted in injuries.

The evidence viewed in a light most favorable to sustain the conviction established that at approximately 1:30 a. m. on April 20, 1978, the victim, Anthony Ottaviano, Jr., was riding his motorcycle in a southeasterly direction on Grand Avenue in Phoenix, Arizona when it became disabled due to a flat tire. Grand Avenue at this point is three lanes wide in each direction, separated by a raised concrete median. While attempting to raise the disabled motorcycle onto the median, he was struck from behind by an

automobile, resulting in severe injuries. The driver of the automobile did not stop. At the time the victim was struck, both the headlight and taillight of the motorcycle were on and the street itself was well illuminated by street lights. The weather was clear.

Found at the scene of the accident was a grease cap, a wheel cover, a dust cover and a piece of chrome side molding. These items were traced to defendant's automobile. Examination of her automobile revealed scratches consistent with the damage caused by the motorcycle and traces of human tissue and blood. After being given "*Miranda*" warnings, the defendant admitted she had been driving on Grand Avenue on the night in question; that she felt slightly intoxicated and that she had heard "a big old bang" when her car struck something, but she stated that, "I didn't know what the hell I hit." She further stated that after hearing the noise she looked into her rear view mirror but did not see anything and then became frightened and did not stop.

It was the state's position at trial and remains so on appeal that it need only prove that the defendant knew a collision occurred and that it need not prove that the defendant also had knowledge personal injuries were involved. The defendant contends that in order to be found guilty of violation of A.R.S. § 28–661, not only must the state prove knowledge of a collision, but the state must prove beyond a reasonable doubt that defendant also knew the collision resulted in personal injuries.

From numerous comments in the record, it is apparent that the trial court found that the state had sustained its burden of proving appellant knew she had hit something in the road, but that the state did not prove beyond a reasonable doubt that appellant had actual knowledge she had struck and injured a person. The following comment by the trial court seems to summarize his finding:

"The Court: Gentlemen, what I find is this. I think the State has shown beyond a reasonable doubt that while the defendant was driving in the left-hand lane of the street that she hit something in the roadway and that she knew that she hit something . . . ..

"Based on all of the evidence, the physical evidence as well as her statements, I think that the State has proved that beyond a reasonable doubt. What they have not proven beyond a reasonable doubt, what I do not think is material, but I certainly clearly preserve your point, [defense counsel], I think the State has been very candid in saying they have not proved beyond a reasonable doubt that she knew she struck and injured a person. I concur in that in the State casting the evidence that way.

"Although, I would do it a little more reluctantly than the State says. I think that's a close question, which is resolved in her favor."

We note that the court did not address the subject of whether the state had shown beyond a reasonable doubt that appellant had knowledge which would lead to a reasonable anticipation of personal injury.

The present version of A.R.S. § 28–661, enacted in 1950, provides as follows:

"A. The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of § 28–663. Every such stop shall be made without obstructing traffic more than is necessary.

"B. Any person failing to stop or to comply with the requirements under the circumstances shall be punished by imprisonment in the county jail for not less than thirty days nor more than one year, by a fine of not less than one hundred nor more than five thousand dollars, or both.

"C. The department shall revoke the license or permit to drive and any nonresident operating privilege of the person so convicted."

The duties required by A.R.S. § 28–661 are set forth in A.R.S. § 28–663, as follows:

"The driver of any vehicle involved in an accident resulting in injury to or death or any person or damage to any vehicle which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving and shall upon request exhibit his operator's or chauffeur's license to the person struck or the driver or occupants of or person attending any vehicle collided with and shall render to any person injured in the accident reasonable assistance, including the making of arrangements for the carrying of the person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if the carrying is requested by the injured person."

It is the defendant's position that when A.R.S. § 28–661 is contrasted with A.R.S. § 28–662,[1] dealing with "an accident resulting only in damage to a vehicle" and imposing penalties for failure to stop of ten days in jail and a $100 fine, in order to justify the increased penalties under A.R.S. § 28–661 the state must prove knowledge by the defendant that injuries were involved.

While the state concedes that it must prove that the defendant knew or should have known she was involved in a collision, its position is that once this fact is shown, absolute liability flows to her for failing to stop and investigate.

The question of whether knowledge either of a collision or of personal injuries is required to convict under "hit and run" statutes is the subject of an extensive annotation in 23 A.L.R.3d 497 (1969). The current state of the law is aptly summarized in that annotation:

"Many of these statutes contain no express requirement that knowledge on the part of the motor vehicle operator is necessary to sustain a conviction for violation; and of those statutes that expressly refer to the operator's knowledge, some do not make it clear as to whether the knowledge required is simply that of the accident or collision, or whether defendant must also have the further knowledge that personal injury or property damage resulted. Most courts, however, have taken the view that at least, knowledge of the collision is an essential ingredient of the offense, which must be alleged and proved by the state, and several courts have further required, either constrained by statutory prescription or as a matter of general law, that knowledge that injury or damage resulted from the collision must also be shown." (Footnotes omitted.) *Id.* at 500.

Into what category Arizona falls where injuries are involved is an open question. For cases dealing with Arizona's hit and run statutes, see *State v. Milligan*, 87 Ariz. 165, 349 P.2d 180 (1960); *State v. Lee*, 53 Ariz. 295, 88 P.2d 996 (1939); *Olson v. State*, 36 Ariz. 294, 285 P. 282 (1930); and *State v. Cutting*, 15 Ariz.App. 311, 488 P.2d 667 (1971). We are guided, however, in this area by the following comment in *State v. Lee, supra* :

"Common sense and justice alike revolt at the idea that a man may be held criminally responsible for something which he does not even know he has done. . . This of course does not mean that the state must prove such knowledge by positive and direct evidence only. Circumstantial evidence is just as admissible upon this issue as upon any other . ..." 53 Ariz. at 301, 88 P.2d at 998.

Moreover, our reading of cases from other jurisdictions, including those cited by the state, which have statutory enactments similar to ours, leads us to the conclusion that a majority require that the state prove that

1. Arizona Revised Statutes § 28–662 states:
   "The driver of any vehicle involved in an accident resulting only in damage to a vehicle which is driven or attended by any person shall immediately stop his vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of § 28–663. Every such stop shall be made without obstructing traffic more than is necessary. Any person failing to stop or comply with the requirements under the circumstances is guilty of a misdemeanor."

the defendant actually knew of the injury to another or possessed knowledge which would lead to a reasonable anticipation that such injury had occurred. *See, e. g., Touchstone v. State*, 42 Ala.App. 141, 155 So.2d 349 (1963); *Haire v. State*, 155 So.2d 1 (Fla.App.1963); *State v. Parish*, 79 Idaho 75, 310 P.2d 1082 (1957); *State v. Snell*, 177 Neb. 396, 128 N.W.2d 823 (1964); *State v. Minkel*, 89 S.D. 144, 230 N.W.2d 233 (1975); *State v. Martin*, 73 Wash.2d 616, 440 P.2d 429 (1968), *cert. denied*, 393 U.S. 1081, 89 S.Ct. 855, 21 L.Ed.2d 773 (1969).

█ This is especially true where different criminal penalties are exacted for leaving the scene where personal injuries are involved. The California Supreme Court noted this disparity in *People v. Holford*, 63 Cal.2d 74, 45 Cal.Rptr. 167, 403 P.2d 423 (1965). However, actual knowledge of injury is not required, for to do so would reward the callous who refuse to stop and investigate. The shortcomings of requiring actual knowledge were recognized in *People v. Holford, supra*:

> "Usually, however, such knowledge must be derived from the surrounding facts and circumstances of the accident. (Citation omitted.) Yet the driver who leaves the scene of the accident seldom possesses actual knowledge of injury; by leaving the scene he forecloses any opportunity to acquire such actual knowledge. Hence a requirement of actual knowledge of injury would realistically render the statute useless. We therefore believe that criminal liability attaches to a driver who knowingly leaves the scene of an accident if he actually knew of the injury or if he knew that the accident was of such a nature that one would reasonably anticipate that it resulted in injury to a person." (Footnote omitted.) 45 Cal.Rptr. at 171, 403 P.2d at 427.

█ We adopt both the reasoning and the interpretation of the scienter requirement made by the California court. In adopting this interpretation, we note that

in many cases the circumstantial evidence which would tend to prove a defendant's knowledge that a collision occurred would likewise tend to prove a defendant's knowledge of personal injury. Such may very well be the case here, given the circumstances of this accident where a rider on a stopped motorcycle on a well-lighted street is struck from the rear. Be that as it may, we are convinced the trier of fact did not consider this crucial issue.[2]

Because this issue was not resolved, the judgment of conviction is reversed and the matter remanded for further proceedings consistent with this opinion.

CONTRERAS, P. J., and OGG, C. J., concur.

---

2. We agree with the trier of fact that actual knowledge by the defendant of injury was not proven beyond a reasonable doubt, a requirement we hold not to be necessary to convict under A.R.S. § 28–661.