652 P.2d 156

**STATE of Arizona, Appellee,**

v.

**Guadalupe Najera PORRAS, Appellant.**

**No. 1 CA–CR 4869.**

Court of Appeals of Arizona, Division 1, Department B.

July 29, 1982.

Rehearing Denied Sept. 13, 1982.

Review Denied Oct. 13, 1982.

Robert K. Corbin, Atty.Gen. by William J. Schafer III, Chief Counsel, Criminal Division, and Barbara A. Jarrett, Asst.Attys. Gen., Phoenix, for appellee.

Marks, Shea & Wilks by Philip J. Shea, Phoenix, for appellant.

## OPINION

GRANT, Judge.

This is the second time this case has been before us. In *State v. Porras,* 125 Ariz. 490, 610 P.2d 1051 (App.1980), we reversed the conviction of Guadalupe Najera Porras and remanded the case for retrial. In that case Porras "was charged and convicted, after a trial to the court, of the misdemeanor offense of leaving the scene of an accident involving injury to another person in violation of A.R.S. § 28–661." *Id.* She had appealed "contending that the trial court failed to consider her defense that the evidence did not establish that she knew or had reason to know the accident in which she was involved resulted in injuries." *Id.* The facts of the case are set forth in that opinion, in which we said the following:

> From numerous comments in the record, it is apparent that the trial court found that the state had sustained its burden of proving appellant knew she had hit something in the road, but that the state did not prove beyond a reasonable doubt that appellant had actual knowledge she had struck and injured a person.
>
> \*   \*   \*   \*   \*   \*
>
> We note that the court did not address the subject of whether the state had shown beyond a reasonable doubt that appellant had knowledge which would lead to a reasonable anticipation of personal injury.

*Id.* at 491, 610 P.2d at 1052. We held that criminal liability attaches to a driver who knowingly leaves the scene of an accident if he or she actually knew of the injury, or if he or she knew that the accident was of such a nature that one would reasonably anticipate a resultant injury to a person. This reasoning was adopted from *People v. Holford,* 63 Cal.2d 74, 45 Cal.Rptr. 167, 403 P.2d 423 (1965). We then stated: "we are convinced the trier of fact did not consider this crucial issue." 125 Ariz. at 493, 610 P.2d at 1054 (footnote omitted).

On remand, the case was not retried because court and counsel agreed that no new evidence could properly be presented. The defendant moved to dismiss on the grounds that double jeopardy prohibited a retrial. The motion to dismiss was denied by the trial court. The matter then proceeded with the trial court announcing that it had

read the transcripts of the previous trial and would apply the standards set forth in our opinion to the evidence previously presented. However, the court did allow counsel to make statements which were in the nature of closing arguments. The defendant was present when this occurred. In fact the defendant was allowed to argue in her own behalf to the judge. The court concluded with:

> I think the state has proved beyond a reasonable doubt that you have the facts within your knowledge that would lead you to the belief or a reasonable person to believe that you had injuried [sic] someone, or if you did not, and you can't say beyond a reasonable doubt on the basis of this record that you had those facts, but if you did not have those facts, the only reason that you did not, in my finding, is that you had too much to drink.

> So I find you guilty of a violation of Arizona Revised Statute 28–661, the offense occurring in Maricopa County on or about April the 20th, 1978.

Following entry of judgment of guilt, sentence was suspended, and appellant was placed on two years' probation. One condition of probation required incarceration for thirty days in the Maricopa County Jail, with work release permitted. The execution of incarceration was stayed pending disposition of this appeal.

Appellant's sole argument before this court is that her second conviction, based on the application of a standard that had been urged by her and rejected at the first trial, violates the prohibition against double jeopardy.

■ The fifth amendment to the United States Constitution prohibits one from being tried twice for the same crime. This prohibition against double jeopardy applies to the states through the fourteenth amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). In addition, the Constitution of the State of Arizona contains a similar prohibition. Ariz. Const. art. 2, § 10, 1 A.R.S. The double jeopardy clause does not act as a bar to the retrial of a defendant who has suc-

cessfully appealed a conviction unless the conviction was reversed on the grounds of insufficient evidence. *Tibbs v. Florida,* —— U.S. ——, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *State v. Ortiz,* 120 Ariz. 384, 586 P.2d 633 (1978). In *Burks v. U.S., supra,* the Supreme Court held that the double jeopardy clause precludes a second trial once a reviewing court has determined that the evidence introduced at trial was insufficient to sustain a verdict. *Greene v. Massey, supra,* specifically applies the *Burks* standard to a state criminal proceeding. *See State v. Ortiz, supra.* Like directed verdicts of acquittal before a case is given to the jury, such reversals amount to acquittals on the merits. It is just such a determination that the double jeopardy bar was created to protect.

■ We must therefore consider whether the original case, *State v. Porras, supra,* was reversed on grounds tantamount to insufficiency of evidence as the defendant contends. Specifically, the defendant claims that knowledge was an essential element of the charged offense under Arizona law, and that in the first trial the state failed to prove this beyond a reasonable doubt. *See State v. Lee,* 53 Ariz. 295, 88 P.2d 996 (1939); *State v. Cutting,* 15 Ariz. App. 311, 488 P.2d 667 (1971). However, at the original trial the court specifically found that the state proved the appellant knew she had been involved in an accident, failing only to consider whether, under the same facts, the appellant knew she had injured another person or whether a reasonable person under the same circumstances would have known that the accident had resulted in injuries. Therefore, our previous reversal of this case was due to an improper standard applied by the trial court, it was not due to insufficiency of the evidence. Our remand was exactly for the purpose of determining whether, under the correct standard, sufficient evidence had been presented to support a conviction. For that reason double jeopardy did not bar

retrial. *Tibbs v. Florida, supra.* The situation on remand is analogous to a remand for retrial following an appellate determination that the jury had been improperly instructed as to the law.

The issue which concerns us more, however, is whether upon remand the defendant waived her right to trial by jury and whether the case was properly submitted to the trial court on the record of the first trial. This issue was raised *sua sponte* by the court and supplemental briefing by both parties has occurred.

■ The Arizona Supreme Court has held that when a defendant submits his case to the trial court on a written record, he must be informed of the rights he waives by submission. These rights include:

1. The right to a trial by jury where he may have representation of counsel;
2. The right to have the issue of guilt or innocence decided by the judge based solely upon the record submitted;
3. The right to testify in his own behalf;
4. The right to be confronted with the witnesses against him;
5. The right to compulsory process for obtaining witnesses in his favor;
6. The right to know the range of sentence and special conditions of sentencing.

*State v. Avila,* 127 Ariz. 21, 24–25, 617 P.2d 1137, 1140–41 (1980).

■ In addition, *Avila* requires that it appear from the record that the waiver of these rights was knowingly, intelligently and voluntarily made. Such a waiver cannot be presumed from a silent record. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Rule 18.1, Arizona Rules of Criminal Procedure, 17 A.R.S.

■ The state concedes in its supplemental answering brief that there was no such waiver in this case following remand. The state would have us hold that the waiver of jury entered prior to the first trial carries forward to the second trial after appeal. This we cannot do. Nor would this cure the failure to waive other rights enumerated in *Avila.*

The conviction is reversed and the matter remanded for a new trial consistent with this opinion.

JACOBSON, J., concurs.

RICHARD M. DAVIS, Judge, Pro Tem., dissenting.

I agree with the majority's conclusion on the only issue presented on appeal. I disagree with the majority's *sua sponte* determination that another formal submission of the cause in accordance with the dictates of Criminal Rule 18 is necessary.

I see no error, fundamental or otherwise. When this court reversed and remanded the initial judgment at 125 Ariz. 490, 610 P.2d 1051 (App.1980), it did so in order that the trial court could properly redetermine guilt or innocence by applying the proper legal standard to the evidence before it. This is clear from a reading of the court's entire opinion, and especially the following excerpts:

> We note that the court did not address the subject of whether the state had shown beyond a reasonable doubt that appellant had knowledge which would lead to a reasonable anticipation of personal injury.

> \*　　\*　　\*　　\*　　\*　　\*

> [W]e are convinced the trier of fact did not consider this crucial issue.

> Because this issue was not resolved, the judgment of conviction is reversed and the matter remanded for further proceedings consistent with this opinion.

125 Ariz. at 491–93, 610 P.2d at 1052–54.

The trial court accordingly ruled, correctly I believe, that the introduction of further evidence was inappropriate. It "took up" from the point where it had departed from a correct application of the law and redetermined the cause, using the proper legal standard. There was no mistrial, or any occasion to start anew with a different trier of fact. The evidence was in the breast of the court.

A replay of the litany is a carriage of anthracite to Scranton. More importantly, however, I can think of no basis for holding that the appellant had the right to require a re-presentation of the case to another trier of fact.

I accordingly dissent. I would affirm the judgment on appeal.

NOTE: The Honorable RICHARD M. DAVIS, a Judge Pro Tem. of a court of record, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. art. VI, § 20.